CLOVER, APPELLEE, *v.* THE COLUMBUS RETAIL MERCHANTS DELIVERY, INC., APPELLANT.

(No. 6912—Decided April 24, 1962.)

*Messrs. Bradley & Farris,* for appellee.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. John C. Elam* and *Mr. Herbert R. Brown,* for appellant.

YOUNGER, J. The plaintiff is and for some time previous to the filing of his petition herein was an employee of the defendant and is a member of Independent Union No. 555, which union had a contract with the defendant governing terms and conditions of employment.

The plaintiff, during the course of his employment with the defendant, received an injury arising out of such employment, and, since the defendant was a contributor to the State Insurance Fund established under the Workmen's Compensation Act of the state of Ohio, he filed a claim under such act. It was determined that his injury was covered, and he was awarded compensation for his injuries and received temporary total disability benefits for a period of 13 weeks.

The contract between the defendant and the union provided that the defendant should carry accident and health in-

surance for its employees, such provision being article XXIV and reading as follows:

"The company agrees to provide accident and health insurance for all employees who are members of the union. The plan shall consist of the following provisions:

"Benefits of $50 per week if employee average earning equals $100 per week or more.

"* * *

"The benefit is payable from the first day of disability caused by accident and from the fourth day of disability caused by sickness, up to a maximum of 13 weeks during any one period of disability."

The contract was silent with respect to the detailed provisions or the type of accident and health insurance that would be provided. However, pursuant to such contract, the defendant purchased from The Travelers Insurance Company a health and accident policy. The policy contained an exclusion for injuries already insured under the Workmen's Compensation Act out of the State Insurance Fund, the exclusion being as follows:

"(3) resulting from (a) injury sustained while doing any act or thing pertaining to any occupation or employment for remuneration or profit, or (b) disease for which the employee is entitled to indemnity in accordance with the provisions of any workmen's compensation or similar law."

The plaintiff in his petition against the defendant alleges that there is due him by reason of the provisions of the contract $50 per week for 13 weeks, or a total sum of $650.

After suit was instituted in the Columbus Municipal Court, upon motion the court postponed any further proceedings in the case and held that under another provision of the contract between the defendant and the union the claim of the plaintiff was subject to arbitration. The provision of the contract as to arbitration was as follows:

"Section 1. In the event of any dispute, grievances *or questions concerning the interpretation of this agreement, it shall be referred to a committee consisting of four (4) persons, two to be elected by the company and two by the union from their list of stewards.* In the event the committee cannot agree within forty-eight (48) hours, a fifth member shall be elected by the

other four. The said persons so elected shall constitute a committee to adjust any differences and while these differences are pending before said committee for adjustment, there shall be no strike or lock-out *and the decision of the majority of the committee shall be final."* (Emphasis added.)

Thereafter, the defendant appointed two representatives and the union appointed two of its stewards to conduct arbitration proceedings. Such proceedings were had, and it was the unanimous opinion of the four arbitrators that plaintiff's claim should be denied, and, at a subsequent hearing in the Municipal Court, the court held "that there was a dispute under the contract; that there was no ambiguity; that the provisions thereunder were clear in that the contract spells out double compensation; that the results reached by arbitration were not legally correct," and rendered judgment for the plaintiff in the sum of $650.

From that judgment of the Municipal Court, the defendant has appealed.

It is admitted by both the defendant and plaintiff that the contract in question was poorly drawn, and that many details were not mentioned. It is the contention of the plaintiff that the health and accident policy is in addition to whatever rights he may have for recovery under the Workmen's Compensation Act. The defendant contends that the health and accident policy provision was included in the contract merely as additional protection to its employees for sickness or accident occurring outside the course of employment, and that in accordance with such agreement it took out the policy with Travelers with the exclusion provision contained in it.

The question is raised by the plaintiff as to whether the arbitration here involved was under the common law or whether it was governed by the statutory proceedings relating to arbitration. Both kinds of arbitration exist in Ohio. In 4 Ohio Jurisprudence (2d), 654, Section 4, it is stated:

"The law relating to awards as at common law is in force in Ohio, although statutory provision for arbitration proceedings also exists. An award which is arrived at without conformity to the statute, and which is therefore invalid as a statutory award, may yet be sustained as a common-law award. In fact, it has been said that the principle of common-law awards

was preserved to save such as could not be given effect under the statute, and many awards have been sustained by the courts on the ground that they conformed to the liberal principles of the common law, notwithstanding they could not have been sustained as awards made under the statute. The award of the arbitrators under a common-law arbitration is binding on the parties, but, in the absence of statute, the successful party can enforce his rights thereunder only by a suit at law. Moreover, the failure to perform the award may furnish a good defense in a subsequent suit between the parties on the same subject matter.''

If the arbitration here was under the common law, it is complicated by the fact that the defendant, pursuant to Section 2711.02, Revised Code, filed a motion to have the proceedings held in abeyance until the arbitration was completed, and the Municipal Court sustained the motion upon the authority of such section.

We are of the opinion that it is unnecessary to make a technical decision as to the type of arbitration here involved because the parties contracted in regard to arbitration but did not specify in the contract what type of arbitration was comprehended. The plaintiff, as a member of the union involved, has appealed through the provisions of the contract in support of his claim for compensation. He cannot pick out a portion of the contract which he claims is beneficial to him and ignore the other provisions of the same contract, and we must, therefore, determine the effect of the arbitration proceeding and the award made by the arbitrators upon the rights of plaintiff.

In the case of *Corrigan* v. *Rockefeller* (1900), 8 N. P., 281, affirmed, 67 Ohio St., 354, it was held:

''Where the contract of submission to arbitration expressly provides that the award made shall be final and conclusive upon the parties, and that each party will stand to and abide by and perform such award under the agreement, a court has no power to review either the findings of fact or law made by the arbitrators, or to inquire into the correctness of the legal rules which the arbitrators selected and applied to the facts they found, whether their judgments in these respects are correct or not.''

In the case of *Brennan* v. *Brennan*, 164 Ohio St., 29, the syllabus is as follows:

"1. It is the policy of the law to favor and encourage arbitration, and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.

"2. Where a matter is submitted to an arbitrator for decision, with an agreement that the arbitrator's decision shall be binding upon all the persons involved, such persons are bound by such decision provided there is no fraud or bad faith on the part of the arbitrator and he acts according to the instructions given him."

In the opinion of the court, at page 36, a quotation from Judge Zimmerman's opinion in the case of *Campbell et al., Trustees,* v. *Automatic Products & Die Co.*, 162 Ohio St., 321, is given, which cites *Corrigan* v. *Rockefeller* as authority.

In 4 Ohio Jurisprudence (2d), 697, Section 62, it is stated:

"An award covering the issues, made in good faith upon a full hearing, and in obedience to the submission, is final and conclusive. Thus, where the parties make an agreement to arbitrate and provide that the award of the arbitrator shall be final and conclusive upon them, and a hearing is had pursuant to the terms of the agreement, and an award is rendered, which in all respects conforms to the requirements of the submission, such award is binding on the parties, in the absence of fraud or such manifest mistake as naturally works a fraud, or collusion, irregularity or misconduct on the part of the arbitrators."

At page 699, Section 63, ibid, it is stated:

"* * * The decision of the arbitrators on matters of fact and law is conclusive, and all matters in the award are thenceforth *res judicata*, on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy. This rule is followed by the courts of Ohio."

Since there is no evidence in the record of fraud, manifest mistake, collusion, irregularity or misconduct on the part of the arbitrators, the Columbus Municipal Court was without authority and committed prejudicial error in ruling that the

results reached by the arbitration "were not legally correct."

The judgment of the Municipal Court is, therefore, reversed, and final judgment is rendered in favor of the defendant.

*Judgment reversed.*

McLaughlin, P. J., and Rutherford, J., concur.

McLaughlin, P. J., and Rutherford, J., of the Fifth Appellate District, and Younger, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.