WARNER, APPELLANT, *v.* CTL ENGINEERING, INC., APPELLEE.

(No. 82AP-566—Decided January 18, 1983.)

*Messrs. Frick & Voltolini* and *Mr. Bruno E. Voltolini,* for appellant.

*Bradley & Farris Co., L.P.A., Mr. Philip R. Bradley* and *Mr. Philip A. Marnecheck,* for appellee.

NORRIS, J. Plaintiff appeals from a judgment enforcing the award of an arbitrator which granted him $1,750 for accrued vacation pay, but denied him back pay.

Plaintiff was formerly the president and principal shareholder of defendant CTL Engineering, Inc. Disagreements be-

tween plaintiff and another of CTL's major shareholders, Bjorn Kvammen, culminated in negotiations for the purchase of plaintiff's interest in CTL. On December 12, 1980, an "agreement" was signed by plaintiff and shareholders of CTL (CTL does not appear to be party to the agreement) which provided that CTL would purchase plaintiff's interest in the corporation; that the purchase would be closed within thirty days; and that plaintiff would "begin vacation effective immediately (12-12-80) and shall perform no work duties until effective date of resignation which shall be the date of closing * * *."

Further negotiations followed when problems arose with that agreement, and a detailed contract was signed on February 27, 1981 by plaintiff and CTL providing for the purchase of plaintiff's interest in the corporation, under terms differing from those provided for on December 12, 1980. This contract included these provisions:

"14. Any monies that may be due David Warner for vacation and back-pay shall be determined by examination of the payroll records by Pete Christophersen, and his determination will be binding upon all the parties. Any balances due will be paid forthwith.

"* * *

"18. This said agreement, when executed and all undertakings provided for herein are fully performed, shall supercede [sic] the contract of December 12, 1980."

Attached to the contract was a letter signed by plaintiff and dated February 27, 1981, stating that "I, David B. Warner, hereby declare that I am no longer a shareholder, owner, officer or director of * * * CTL Engineering, Inc."

The matter was referred to Christophersen, a certified public accountant, in April 1981. After examining some corporate records, including payroll journals, attendance records, and cancelled checks, Christophersen wrote plaintiff and CTL, saying that he was unable to determine company policy concerning vacations, and could not ascertain the effective date of plaintiff's termination "primarily because of paragraph 18 of the agreement," and asked them to agree on these matters so he could make proper calculations. Kvammen provided Christophersen with additional information concerning the corporation's vacation policy and called his attention to the provision in the December 12, 1980 agreement concerning plaintiff's resignation. On April 27, 1981, Christophersen concluded that plaintiff was due $1,750 for accrued vacation pay, but was due no back pay, on the basis that:

"* * * Concluding that David Warner resigned on December 12, 1980, there would be no back pay due for services rendered after December 12, 1980. The records indicate that David Warner was not present for work after December 12, 1980, and further show that subsequent to December 12, 1980 David Warner was on vacation."

Plaintiff refused CTL's tender of the vacation pay, and filed suit contending that Christophersen utilized improper information in arriving at his conclusions, and sought a declaratory judgment establishing his rights under the February 27, 1981 contract and, in the alternative, for judgment in the amount of $26,115.24 for vacation and back pay.

The matter was tried to a referee who rejected plaintiff's assertion that Christophersen had committed a manifest mistake in not finding that the date of his termination was February 27, 1981, and recommended that the court enter judgment for plaintiff in the sum of $1,750 and a declaratory judgment that Christophersen's decision was a final and binding determination of the rights and duties of the parties as to back pay and pay for accrued vacation. The trial court overruled plaintiff's objections to the referee's report, adopted his recommendations, and entered judgment accordingly.

Plaintiff raises six assignments of error:

"1. The Common Pleas Court erred in overruling the Objections to the Referee's Report and erred in finding that the recommendations of the Referee were supported by reliable, probative and substantial evidence and were in accordance with law.

"2. The court erred in finding that the accountant had not made a manifest mistake in arriving at his (accountant's) determination because, by the accountant's own letter to the parties, he needed certain agreed facts to make his findings.

"3. The court erred in failing to find that the Agreement of February 27, 1981, superceded [sic] any agreements made before that time.

"4. The court erred in finding that the accountant could rely on original corporate documents, when in fact, the accountant indicated by letter he could not ascertain the necessary facts from such corporate documents.

"5. The court erred in failing to find that appellant's date of resignation and last date of employment was February 27, 1981.

"6. The court erred in failing to find that the accountant exceeded his authority contained in the agreement of February 27, 1981."

Because all the assignments of error have the effect of challenging Christophersen's determination, they will be considered together.

The parties resorted to arbitration to settle an existing controversy concerning the amounts which might be due plaintiff for accrued vacation and back pay. Where, as here, parties do not pursue statutory arbitration, the principles of common-law arbitration apply. *State* v. *Jackson* (1880), 36 Ohio St. 281, at 284; *Clover* v. *Columbus Retail Merchants Delivery, Inc.* (1962), 115 Ohio App. 467, at 469 [21 O.O.2d 111]. At common law, no particular form is required for the arbitration proceeding, and since an award

is the product of a contractual undertaking, it has no force at law except as the foundation for a claim or defense against the party who failed to perform or abide by the award. *State* v. *Jackson, supra,* at 284. Here, defendant, in effect, set up the arbitrator's award as a defense against plaintiff who sought to avoid abiding by the award.

An award rendered in a common-law arbitration, which conforms to the terms of the submission, is binding upon the parties when they have agreed that it will be final and conclusive, and there is no fraud or such manifest mistake as naturally works a fraud. *Corrigan* v. *Rockefeller* (1902), 67 Ohio St. 354. It follows that the burden will be upon the party challenging the award to establish that the arbitrator did not proceed according to his instructions, or that the award was the result of fraud or manifest mistake. Here, no contention is made that the award was the result of fraud.

An award, then, may be declared invalid where an arbitrator fails to follow the instructions given him in the instrument submitting the controversy. *Rhodes* v. *Baird* (1866), 16 Ohio St. 573, at 583. However, because it has long been the policy of the law to favor arbitration as a method of settling controversies (*Rice* v. *Hassenpflug* [1887], 45 Ohio St. 377, at 385), the terms under which a controversy is submitted to an arbitrator will be liberally construed in favor of the arbitrator having proceeded according to his instructions. *Brennan* v. *Brennan* (1955), 164 Ohio St. 29 [57 O.O. 71]; *Rice* v. *Hassenpflug, supra,* at 385.

Because the very nature of the submission required that the arbitrator determine the date of plaintiff's termination, we are compelled to conclude that his authority included examining all company documents which were relevant to that inquiry, and that the arbitrator therefore did not fail to follow his instructions, as contended by plaintiff.

In order for a court to set aside an

award on the ground of manifest mistake, it must appear that there is a mistake of such a character that the arbitrator would have corrected it himself, had it been called to his attention; permitting such a manifest mistake to stand "naturally works a fraud." *Pfleger* v. *Renner* (1920), 13 Ohio App. 96. Thus, a mere error in judgment, or an erroneous conclusion of fact, will not constitute manifest mistake. *Bates* v. *Pennsylvania RR.* (App. 1937), 26 Ohio Law Abs. 114; *Pfleger* v. *Renner, supra,* at 103. Nor is manifest mistake demonstrated where it is shown that the arbitrator's award was not legally correct. *Clover* v. *Columbus Retail Merchants Delivery, Inc., supra.* Manifest mistake has not been demonstrated where the dissatisfied party merely disagrees with the award on the basis that there were facts before the arbitrator from which he could have drawn a contrary conclusion. Where an arbitrator is called upon to decide a disputed question which could have been the subject of bitterly contested litigation, it is not the place of a court to examine anew each contention of law and fact which the arbitrator was called upon to decide. *Pfleger* v. *Renner, supra,* at 105. Instead, a court's role in examining an award made in common-law arbitration is limited to determining whether it should be invalidated as the product of fraud or manifest mistake; the court may not second-guess the arbitrator and invalidate his award because it disagrees with the result.

In order for plaintiff to demonstrate manifest mistake in this case, then, he would have to establish that the arbitrator committed an error so patent and grave as would have required him to change his award. Here, by contrast, plaintiff has demonstrated only arguable error. There indeed was evidence to support plaintiff's position that his service was terminated on February 27, 1981. However, plaintiff's letter of February 27 was not compelling evidence that he resigned on that date — its language easily could be con-strued as confirmation of a previous resignation. There was evidence to support the arbitrator's conclusion that plaintiff's service was terminated on December 12, 1980 (there was also evidence to support January 1981 dates). The point is that we are unable to say plaintiff has demonstrated a mistake by the arbitrator that is so manifest that he will be required to change his award because no other position than that argued by plaintiff is tenable.

Because the arbitrator acted within the authority given him by the submission of the controversy, and plaintiff was unable to carry his burden of establishing that the award was the result of manifest mistake, the assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCormac and Brogan, JJ., concur.

Brogan, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.