DECISION. *Page 3 
{¶ 1} Defendants-appellants, the city of Norwood, Ohio, the Norwood Civil Service Commission, and 28 officers in the Norwood Police Department, appeal the trial court's judgment granting declaratory relief to plaintiff-appellee, Joseph C. DiPietrantonio.
 Vacancies and Arbitration {¶ 2} DiPietrantonio is a member of the Bargaining Committee of the Norwood, Ohio Police Division ("the union"). The union is the exclusive representative of the employees of the police division for purposes of collective bargaining. A collective-bargaining agreement ("CBA") between the city and the union that was in effect from 2003 through 2005 provided one position for police captain.
 {¶ 3} Following the retirement of the police captain in April 2004, the union filed a grievance requesting that an acting captain be named until the position could be permanently filled according to civil service procedures. Because that appointment would trigger a vacancy in the lieutenant position and, in turn, a vacancy in the sergeant position, the union requested that those positions also be filled on an acting basis. The city refused to make the requested appointments, citing a temporary restraining order that had enjoined the filling of vacancies in the lieutenant and sergeant ranks.
 {¶ 4} The parties were unable to resolve the grievance, and the matter proceeded to binding arbitration. On December 7, 2004, an arbitrator sustained the union's grievance, determining that the city had engaged in a binding past practice of filling vacancies on an interim basis until permanent appointments could be made.
 {¶ 5} The arbitrator ordered the city to place a lieutenant in the acting captain's position, a sergeant in the acting lieutenant's position, and Police Officer John Brown in the acting sergeant's position. The arbitrator specifically ordered that the officers remain in their respective acting capacities until the positions could be filled *Page 4 
through civil service procedures. The arbitrator emphasized the temporary nature of the assignments, noting that the union had "expressed interest only in affirming the `acting' process fortemporarily meeting Departmental needs; not in establishing `tenure' for any Officer that might be placed in an `acting' capacity." (Emphasis in original.)
 {¶ 6} The city filed a motion in the common pleas court to modify or vacate the arbitration award under R.C. 2711.10 and 2711.11. On November 16, 2005, the court journalized an agreed entry stating that the city would make the acting assignments as set forth by the arbitrator. In particular, Brown would be assigned as an acting sergeant as of the date of the arbitration award. Moreover, he would remain in his acting sergeant position until the position could be filled through the requisite civil service procedures.
 {¶ 7} And the parties further agreed that any acting assignment made in the police department pending the certification and appointment of a person from an eligibility list would "not be considered a permanent assignment, permanent appointment, or probationary appointment toward a permanent appointment or position under civil service, nor shall the acting assignment be considered a provisional appointment." Furthermore, the parties agreed that Brown would not be entitled to be appointed to the rank of sergeant "merely because he passes or passed a civil service examination for the rank of his acting assignment."
 {¶ 8} The court confirmed the arbitration award, with the stipulations stated in the agreed entry. No appeal was taken from that judgment. A later arbitration award, issued May 10, 2007, established "the period of the [c]ity's liability for the payment of wages to individual officers serving in `acting positions.'"
 The Declaratory-Judgment Action {¶ 9} When Acting Sergeant Brown retired in March 2006, DiPietrantonio was named to replace him as an acting sergeant. DiPietrantonio was not appointed to *Page 5 
the rank from the results of a civil service examination. And though the replacement occurred in March 2007, the May 10, 2007, arbitration award provided that DiPietrantonio was entitled to sergeant's pay effective January 1, 2005.
 {¶ 10} In June 2007, after the civil service commission had posted a notice of an examination for a sergeant position in the police department, DiPietrantonio instituted an action for declaratory relief. DiPietrantonio sought an order enjoining the commission from administering the test until after it had provisionally appointed him to the sergeant position.
 {¶ 11} The granting of a "provisional" appointment would have given DiPietrantonio an advantage over the other police officers who had applied to take the sergeant's examination. Under former R.C. Chapter 124, in effect at the time DiPietrantonio filed the action, a provisionally appointed employee could obtain a permanent appointment to the same position in two noncompetitive ways: the provisional employee could pass a noncompetitive civil service examination;[1] or he could get the permanent appointment automatically if he had served in the position for a two-year period in which no competitive examination had been held.[2]
 Subject-Matter Jurisdiction and Collateral Estoppel {¶ 12} The defendants filed a motion to dismiss the delaratory-judgment action for lack of subject-matter jurisdiction. The trial court overruled the motion and declared that DiPietrantonio had been provisionally appointed as a sergeant effective January 1, 2005. It further held that he had served in the position for more than two years without a competitive examination having been held, so that he became permanently appointed to the sergeant position at the end of that two-year period.
 {¶ 13} In their first assignment of error, the defendants now argue that the trial court erred in overruling their motion to dismiss for lack of subject-matter jurisdiction. *Page 6 
 {¶ 14} When parties agree to submit disputes to binding arbitration, they "must accept the result, even if it is legally or factually wrong. "[3] R.C. Chapter 2711 provides the exclusive statutory remedy for appealing arbitration awards to the courts of common pleas.[4]
 {¶ 15} A party to an arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in R.C. 2711.10 and 2711.11.[5] But a declaratory-judgment action that attempts to resolve matters committed to a special statutory proceeding is inappropriate.[6] As the Ohio Supreme Court has stated, "[T]his [proposition] is tantamount to a holding that courts have no jurisdiction to hear the actions in the first place."[7] Accordingly, a party may not pursue a declaratory-judgment action to circumvent the special statutory proceedings of R.C. Chapter 2711.[8] And an arbitration award has the same preclusive effect as a court judgment for the matters it decides.[9]
 {¶ 16} In this case, the court did not have subject-matter jurisdiction. The only proper means of challenging the 2004 decision of the arbitrator was through the statutory procedure prescribed by R.C. Chapter 2711. DiPietrantonio did not avail himself of that procedure in a timely manner, and his attempt to circumvent the statutory procedure through a declaratory-judgment action was invalid.
 {¶ 17} Also, DiPietrantonio's declaratory-judgment action raised the identical issues that were the subject of the 2004 arbitration and the subsequent agreed entry modifying the arbitrator's award. In the prior proceedings, the court *Page 7 
had journalized the agreed entry specifically stating that temporary status or acting status would not result in permanent appointments.
 {¶ 18} But DiPietrantonio argues that because he had not been a party to the arbitration, he was not barred from challenging its result. This argument is without merit. DiPietrantonio was in privity with the union, [10] and he was therefore bound by the agreement made on behalf of the bargaining unit, which explicitly stated that the temporary appointments would not be considered a provisional appointment and would not automatically result in a permanent assignment.
 {¶ 19} Thus, the trial court did not have subject-matter jurisdiction over DiPietrantonio's declaratory-judgment action. The trial court erred in granting the declaratory relief that DiPietrantonio had requested, and we accordingly sustain the first assignment of error.
 {¶ 20} In the second and final assignment of error, the city argues that the trial court erred in holding that DiPietrantonio had been entitled to be appointed to the rank of sergeant based upon his service as an acting sergeant. Our disposition of the first assignment of error renders this assignment moot.
 Conclusion {¶ 21} We reverse the judgment of the trial court and enter final judgment in favor of the city, the civil service commission, and the individual appellants.
Judgment reversed and final judgment entered.
PAINTER and DINKELACKER, JJ., concur.
[1] Former R.C. 124.26(B).
[2] Former R.C. 124.271.
[3] Fioretti v. The Lottery Channel, Inc. (Mar. 20, 1998), 1st Dist. Nos. C-970320 and C-970321, citing Warner v. CTL Engineering, Inc.
(1983), 9 Ohio App.3d 52, 458 N.E.2d 399.
[4] Galion v. Am. Fedn. of State, Cty. Mun. Emp., Ohio Council 8,AFL-CIO, Local No. 2243, 71 Ohio St.3d 620, 1995-Ohio-197,646 N.E.2d 813, paragraph two of the syllabus.
[5] R.C. 2711.13.
[6] State ex rel. Albright v. Delaware Cty. Court of Common Pleas
(1991), 60 Ohio St.3d 40, 42, 572 N.E.2d 1387.
[7] Id. at 42.
[8] Galion, supra, paragraph two of the syllabus.
[9] Cleveland v. Assn. of Cleveland Fire Fighters, Local 93 (1984),20 Ohio App.3d 249, 254, 485 N.E.2d 792.
[10] See, e.g., Ohio Patrolmen's Benevolent Assn. v. MunroeFalls, 9th Dist. No 23898, 2008-Ohio-659, jurisdictional motion overruled, 118 Ohio St.3d 1463, 2008-Ohio-2823, 888 N.E.2d 1115
(result of prior grievance by union was binding on individual members). *Page 1