**KELM, Appellant,**

v.

**KELM, Appellee.**

[Cite as *Kelm v. Kelm* (1992), 73 Ohio App.3d 395.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–733.

Decided March 26, 1992.

*Schwartz, Kelm, Warren & Rubenstein* and *Russell A. Kelm, pro se.*

*Luper, Wolinetz, Sheriff & Neidenthal, Barry H. Wolinetz* and *Pamela J. Bertram,* for appellee.

WHITESIDE, Judge.

Plaintiff-appellant, Russell A. Kelm ("plaintiff"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises three assignments of error, as follows:

"I. The trial court erred in not enforcing the arbitration clause contained in an antenuptial agreement which is binding and enforceable in Ohio.

"II. The trial court erred in ordering an evidentiary hearing and not compelling arbitration when the parties admitted signing a contract containing an arbitration clause.

"III. The trial court erred in not referring the determination of the validity of an agreement to the arbitrators when the contract contains an arbitration clause as to all of its material terms."

This action was commenced by the filing of a divorce complaint by plaintiff seeking to terminate his marriage with defendant-appellee, Amy K. Kelm ("defendant"). Plaintiff also filed a motion to stay proceedings and to compel arbitration respecting an antenuptial agreement between the parties. On August 29, 1990, a judgment entry was entered in the trial court finding that:

" * * * [T]he arbitration clause contained in paragraph 10 of the Antenuptial Agreement * * * is binding and enforceable and accordingly all disputes as to alimony, child support, and the nature, extent and division of real or personal property acquired during the marriage, and all procedural matters related thereto, shall be submitted to binding arbitration in accordance therewith * * *."

The judgment entry further provided that:

" * * * [A]ll further matters in this Court involving alimony, child support and division of property are, until the decision of the arbitrators on those issues, STAYED * * *."

The entry was signed by a judge of the trial court and approved by counsel for plaintiff but not signed by counsel for defendant, instead, it was indicated, "submitted but not signed," in lieu of his signature. The entry did commence with the following:

"This matter came before the Court on July 26, 1990, upon the plaintiff's motion for stay and to compel arbitration so that the Court could determine the validity of the Antenuptial Agreement between the parties dated August 6, 1982 and the enforceability of the arbitration clause contained in paragraph 10 of the Agreement and upon full consideration by the Court it is hereby ADJUDGED AND DECREED that it appearing that both parties acknowledge signing the Antenuptial Agreement and being represented by counsel it is DECREED that the Agreement is valid and enforceable according to its terms * * *."

On March 5, 1991, defendant filed a motion for relief from judgment pursuant to Civ.R. 60(B) based upon "numerous grounds," which the motion states are "for reasons that will be fully evidenced at the hearing." Apparently, that which is set forth in the memorandum in support of the motion is intended as a summary of these "reasons." Although not specifically deline-

ated, the grounds appear to be threefold: (1) that no evidentiary hearing was held on the motion to compel; (2) that the judge who entered the August 29, 1990 order subsequently recused herself from further consideration of the case; and (3) that arbitration of alimony, including property division and support matters, is improper because it interferes with the jurisdiction of the court to determine such matters.

■ The order staying proceedings on certain matters and compelling arbitration with respect thereto was a final appealable order pursuant to R.C. 2711.02, which reads in pertinent part that:

" * * * An order under this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

Similarly, of course, the order setting aside the August 29, 1990 judgment entry and then, without further hearing, finding the arbitration agreement to be unenforceable and denying the stay is also a final appealable order.

■ Originally, the motion to stay proceedings and to compel arbitration was set for hearing on June 7, 1990. At the same time, various other motions were set for hearing on different dates. On June 8, 1990, a judgment entry was entered providing, *inter alia*, that:

" * * * [O]n plaintiff's motion to compel arbitration, being dependent in part upon the validity of an Antenuptial Agreement between the parties, the matter is set for a record contested evidentiary hearing before the Court on Thursday, July 26 at 9:30 a.m. to determine the validity of the Antenuptial Agreement and the arbitration clause therein * * *."

Apparently, no evidentiary hearing was conducted, and defendant did not object to there being no formal evidentiary hearing until six months later, long after the time for appeal had expired and following a change of counsel for defendant.

First, defendant contends that the July 26, 1990 hearing had been continued, referring to a docket entry of July 25, 1990, and an entry of July 26, 1990. A reference to the document relied upon indicates that the July 26, 1990 entry on its face continued a hearing scheduled for July 31, 1990, not the July 26, 1990 hearing and pertained to "discovery and other preliminary matters" (record document No. 106). The document represented by the July 25, 1990 docket entry (record document No. 89) is not in the record on appeal, at least not in the location where it should be, there being a document No. 88 followed by document No. 91. Notwithstanding the absence of such document, the trial

court in granting the motion to vacate judgment found that the July 26, 1990 evidentiary hearing was canceled on July 25, 1990, the day before the scheduled hearing but then states that: "Neither the docket nor any entry herein reflects how or why or upon whose request the July 26, 1990 evidential hearing on plaintiff's motion was canceled." Nor does the record in any way reflect that either party was aware that the hearing was canceled. Instead, there is an express finding by a judge of the trial court that a hearing in fact took place on July 26, 1990, namely, the August 29, 1990 order partially quoted above.

The record does reflect that then counsel for defendant on February 28, 1990, filed a memorandum contra plaintiff's motion to stay proceedings and to compel arbitration. In that memorandum, it is first suggested that the motion is premature and should not be granted unless a divorce is first granted to one of the parties. The other issue raised was to the effect that an agreement to submit support, alimony, and property division matters to arbitration interferes with the original exclusive and continuing jurisdiction of the trial court and, for that reason, should not be granted. The issue of "duress" now suggested by defendant was not raised at that time.

Although not directly mentioned in the three assignments of error, the basic underlying issue is whether the trial court abused its discretion in granting a Civ.R. 60(B) motion for relief from judgment. As indicated above, pursuant to R.C. 2711.02 (as amended effective May 31, 1990), the order staying proceedings and compelling arbitration constituted a final order, which is immediately appealable. Having failed to appeal the August 29, 1990 "final order," defendant may not in support of the Civ.R. 60(B) motion raise issues that could have been raised upon appeal. A motion for relief from judgment is not a substitute for an appeal, and errors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment. See *Brick Processors, Inc. v. Culbertson* (1981), 2 Ohio App.3d 478, 2 OBR 604, 442 N.E.2d 1313; *State ex rel. Elyria v. Trubey* (1983), 24 Ohio App.3d 44, 24 OBR 97, 493 N.E.2d 254; and *Waspe v. Ohio State Dental Bd.* (1985), 27 Ohio App.3d 13, 27 OBR 14, 499 N.E.2d 337. A review of defendant's motion for relief from judgment and her brief herein indicates that no grounds are asserted for relief from judgment pursuant to Civ.R. 60(B) that could not properly have been raised upon direct appeal. Basically, defendant's contention is that the trial court erroneously entered the order because the issues had not been adjudicated by an evidentiary hearing. Defendant does not deny that some type of "hearing" took place, defendant characterizing it as an in-chambers conference.

In support of her Civ.R. 60(B) motion, defendant submitted an affidavit of a court reporter that there is no record of a court reporter being present during the July 26, 1990 "hearing." However, the absence of a court reporter does not preclude there having been a hearing. In fact, upon appeal, defendant could have supplied a statement in lieu of a transcript to indicate that which did transpire on that date before the trial court by way of a statement pursuant to App.R. 9(C).

At the evidentiary hearing upon the Civ.R. 60(B) motion, the trial court specifically precluded testimony as to what actually occurred at the in-chambers hearing or conference on July 26, 1990. The basis for such ruling is not clear; however, the trial court did permit counsel to "proffer" such evidence. Plaintiff made such a proffer as to what his testimony would have been, and defense counsel made a proffer as to what he thought former defense counsel would have said. The trial court properly excluded such testimony, not because of privilege but because of the fact that such issues would be properly determined upon appeal either by a transcript or an App.R. 9(C) statement in lieu of one, and, therefore, are not relevant to a Civ.R. 60(B) motion.

The basic tenor of the trial court's finding in sustaining the Civ.R. 60(B) motion appears to be the absence in the record of any support for the August 29, 1990 order entered by the trial court. However, there is a presumption of regularity of court matters, not irregularity. The proof must be that the order is irregular, and the absence of evidence in the record requires a presumption of regularity.

The trial court indicated that the record did not reflect that "either defendant or her counsel agreed to or approved the entry." Of course, approval by counsel is not required since, as the entry reflects on its face, it was a determination by the trial court, not a matter agreed to by the parties. The trial court also commented that the entry did not purport to be based upon a stipulation of the parties, and the record contains no stipulations. This is true; rather, the order on its face is predicated upon a finding by the trial court. If such finding be not supported by either law or fact, or is otherwise procedurally inaccurate or improper, these issues should have been the subject of an appeal from the final order entered on August 29, 1990, and are not properly the subject of a Civ.R. 60(B) motion. However, were the order interlocutory in nature rather than a final order, the trial court's findings might have been appropriate but then would not have constituted the granting of relief pursuant to Civ.R. 60(B).

The August 29, 1990 order indicates that it was entered "upon full consideration by the Court," and includes the finding "that both parties acknowledge

signing the Antenuptial Agreement and being represented by counsel." Based upon these findings alone, the trial court found the agreement to be valid and enforceable according to its terms. If this were error on the part of the trial court, as defendant now contends, defendant should have appealed the order. The issue of whether such acknowledgement by the parties is sufficient to render the agreement valid and enforceable is not before us since such issue has been finally determined by the trial court by a final order from which no party took an appeal.

Although the precise language of the second assignment of error may be overbroad, the underlying issue is correct since no evidentiary hearing upon the issue could properly be ordered by granting a Civ.R. 60(B) motion, since the issue had previously been determined by the trial court. Whether an evidentiary hearing should have been conducted in July 1990 is an issue neither before the trial court upon the Civ.R. 60(B) motion nor before us upon this appeal. To this extent, the second assignment of error is well taken.

■ The first and third assignments of error raise essentially the same issue relating to the basic validity of a provision of an antenuptial agreement for arbitration of child support, alimony, and property-division matters. In general, provisions for arbitration are preferred and are to be encouraged. See *Hillsboro v. Fraternal Order of Police* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186; *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186; *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550 N.E.2d 198; and *Gibbons–Grable Co. v. Gilbane Building Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559.

■ The favoring of arbitration is not a recent matter, but Ohio has long favored arbitration of disputes. At common law, arbitration was enforced, although the submission could be revoked before an award was made. By statute, a contract to arbitrate is binding. Thus, it is stated in paragraph one of the syllabus of *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89:

"It is the policy of the law to favor and encourage arbitration, and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts."

The enforceability of antenuptial agreements generally was not established until the decision in *Gross v. Gross* (1984), 11 Ohio St.3d 99, 11 OBR 400, 464 N.E.2d 500, paragraph one of the syllabus of which holds:

"Antenuptial agreements containing provisions for disposition of property and setting forth amounts to be paid as sustenance alimony upon a subsequent divorce of the parties are not contrary to public policy."

Since antenuptial agreements are enforceable, there appears to be no reason why the strong public policy of encouraging arbitration, rather than resort to litigation, should not likewise apply to antenuptial agreements. There appears to be no Ohio case authority upon this issue. Although plaintiff cites some out-of-state cases, defendant refers to no authority supporting a position that an arbitration clause in an antenuptial agreement is *per se* unenforceable but, instead, does cite two cases suggesting that the filing of a lawsuit rather than requesting arbitration constitutes a waiver of the right to arbitration. Whatever merit these cases may have, this was an issue that could and should have been raised upon direct appeal and is not properly a basis for a Civ.R. 60(B) motion for relief from judgment.

Of course, any arbitration award may come back to the trial court upon a motion under R.C. 2711.09, 2711.10, 2711.11 and 2711.12 in proceedings designed either to confirm or to set aside the arbitration award. In short, we find no public policy against submitting to arbitration matters arising under an antenuptial agreement where parties have agreed thereto. Since in this case all such issues were determined by the August 29, 1990 judgment entry, which was, pursuant to R.C. 2711.02, a final appealable order, the trial court abused its discretion in granting the Civ.R. 60(B) motion. To this extent and for these reasons, the first and third assignments of error are well taken.

For the foregoing reasons, and to the extent indicated above, all three assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, entered June 27, 1991, vacating the final order of August 29, 1990 is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and PEGGY BRYANT, JJ., concur.