JOURNAL ENTRY and OPINION
Appellant C. Douglas Thomas appeals from the trial court's denial of his motion for relief from a judgment entered against him in a forcible entry and detainer action filed by appellee HM Enterprises. Thomas assigns five errors for our review.
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT (sic) RULE 60B(2)(3) MOTION FOR RELIEF AND CONSTITUTED AN ABUSE OF DISCRETION.
 II. THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO INTERVENER LASALLE HOLDINGS WHO HAD BEEN MISJOINED TRIAL. (sic)
 III. THE TRIAL COURT ERRED IN GRANTING A JUDGMENT TO HM ENTERPRISE CONTRARY TO CIVIL RULE 41(B)(1).
 IV. THE TRIAL COURT ERRED ADMITTING HEARSAY EVIDENCE AT TRIAL.
 V. THE TRIAL COURT ERRED IN GRANTING JUDGMENT CONTRARY TO CIVIL RULE 54(C).
After reviewing the evidence and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On May 17, 1998, HM Enterprises filed a forcible entry and detainer action against C. Douglas Thomas in the Cleveland Housing Court to recover rent owed by Thomas for commercial property located at 4301 Prospect Avenue. The complaint alleged that Thomas took possession of the property in March of 1994 and agreed to pay $600 per month as rent. The complaint further alleged that Thomas failed to pay rent from June 1, 1995 until January 2, 1998 and that on January 2, 1998, Thomas executed a cognovit note in favor of HM Enterprises agreeing to pay $26,590 for rent owed. The complaint sought to recover $28,390 in damages along with court costs and attorney fees.
In his answer, Thomas generally denied the allegations in the complaint and argued that, because HM Enterprises was a corporation or partnership, it must be represented by counsel. He also argued that the complaint was not brought by the real party in interest and that HM Enterprises used fraudulent means to procure the signed cognovit note.
On September 10, 1998, LaSalle Holdings, Ltd. (LaSalle) filed a motion to intervene in the action, alleging that it purchased the property from HM Enterprises on May 1, 1998, and that HM Enterprises assigned LaSalle the note executed by Thomas. LaSalle further alleged that Thomas failed to pay LaSalle any rent for the property after the title was transferred to LaSalle and that LaSalle must be joined as a party to the case in order to recover damages from Thomas for the unpaid rent.
Attached to the motion to intervene was the affidavit of Paul Goldberg, sole member of LaSalle Holdings. Goldberg averred that, on May 8, 1998, he entered into an agreement with Thomas for moving and storage of Thomas' office equipment. Goldberg averred that the cost of moving and storing the equipment totaled $2,159.60. Goldberg averred that Thomas was to notify him of his new office location by July 8, 1998 so that Goldberg could deliver the office equipment. However, Thomas failed to notify Goldberg about the new office. Goldberg averred that LaSalle sought damages of $29,590 for rent owed in addition to the moving and storage costs for the office equipment.
The complaint's prayer for damages was amended to include the amount of rent unpaid from January through May 1998 and the costs of moving and storage of Thomas' office equipment. On October 9, 1998, LaSalle was given leave to intervene in the action. On November 2, 1998, HM Enterprises moved to substitute LaSalle as plaintiff in the action.
In a journal entry filed December 1, 1998, the magistrate awarded HM Enterprises damages of $28,990 plus costs and interest. LaSalle was awarded $1,061 plus costs and interest. On December 16, 1998, Thomas filed a motion to dismiss the complaint and objections to the magistrate's report. Thomas argued that LaSalle was improperly joined in the action because they failed to produce any assignment of the note from HM Enterprises. In a journal entry dated January 12, 1999, the trial court denied the motion to dismiss and ordered Thomas' objections to the magistrate's report stricken as untimely filed.
On January 7, 2000, Thomas filed a motion for relief from judgment under Civ.R. 60(B)(2) and (3). He alleged that newly discovered evidence revealed that HM Enterprises procured the judgment by fraud. Thomas argued the trial court improperly accepted the affidavit of Paul Goldberg who falsely averred that Thomas had not paid rent since September. In an affidavit attached to the motion, Thomas averred that he discovered rental receipts reflecting rent payments through November 1997. HM Enterprises and LaSalle opposed the motion, arguing that Thomas failed to show that he could not have discovered the evidence with due diligence. On January 20, 2000, the trial court denied the motion finding that it was not filed within a reasonable time as required by Civ.R. 60(B). This appeal followed.
In his first assignment of error, Thomas argues the trial court erroneously denied his motion for relief from judgment. He argues the trial court abused its discretion by denying the motion as untimely filed instead of addressing its merits. When reviewing a ruling on a Civ.R. 60(B) motion for relief from judgment, we must apply an abuse of discretion standard. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122, 1123. To prevail, the movant must show that he has a meritorious claim or defense, that he is entitled to relief for one of the reasons listed in Civ.R. 60(B)(1) through (5), and that his motion was timely filed. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564, 566, citing GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Unless the movant meets all three requirements, his motion should be denied. Rose Chevrolet, Inc., 36 Ohio St.3d at 20,520 N.E.2d at 566; Resolution Trust Corp. v. J.B. Centron Development Company Company, Inc. (1993), 92 Ohio App.3d 643, 647, 637 N.E.2d 23, 26, appeal dismissed (1994), 69 Ohio St.3d 1434, 632 N.E.2d 518; Universal Bank v. Thornton (Dec. 18, 1997), Cuyahoga App. No. 72553, unreported. See, also, Fox v. Roscoe (Mar. 9, 1999), Franklin App. No. 98AP-670, unreported.
Thomas' motion for relief from judgment was based upon newly discovered evidence [Civ.R. 60(B)(2)] and fraud, misrepresentation or other misconduct of an adverse party [Civ.R. 60(B)(3)]. Civ.R. 60(B) provides that motions for relief from judgment under Civ.R. 60(B)(1), (2), and (3) shall be made not more than one year after the judgment, order or proceeding was entered or taken. In this case, the trial court's judgment was issued on December 1, 1998. Thomas' motion for relief from judgment was not filed until January 7, 2000, more than one year later. Accordingly, the motion was not timely filed. Because a timely filed Civ.R. 60(B) motion is a prerequisite to relief from judgment, the trial court properly denied Thomas' motion. Thomas' first assignment of error is overruled.
Thomas' remaining assignments of error are also overruled. The issues raised therein could have been raised in a timely appeal from the trial court's judgment. However, Thomas did not file an appeal from the trial court's decision. A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment. State ex rel. Richard v. Cuyahoga County Comm'rs(2000), 89 Ohio St.3d 205, 206,729 N.E.2d 755, 756, citing Key v. Mitchell (1998), 81 Ohio St.3d 89,90-91, 689 N.E.2d 548, 549, reconsideration denied (1998),81 Ohio St.3d 1503, 691 N.E.2d 1063; McCann v. Lakewood (1994),95 Ohio App.3d 226, 235, 642 N.E.2d 48, 54, discretionary appeal not allowed (1994), 70 Ohio St.3d 1465, 640 N.E.2d 527; State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 192, 529 N.E.2d 1268, 1269. [E]rrors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment. Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399, 597 N.E.2d 535, 537. See, also, Buoscio v. Kinkopf (Aug. 17, 2000), Cuyahoga App. No. 76842, unreported.
The judgment of the trial court is hereby affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.