DECISION
{¶ 1} Plaintiffs-appellants, Peter and Tammy Daroczy, appeal a judgment of the Franklin County Court of Common Pleas which granted a Civ.R. 60(B)(5) motion by defendant-appellee Ocwen Federal Bank to vacate the court's judgment entry of September 27, 1999.
{¶ 2} This matter has a long and tortuous history, most of which is outlined in this court's previous decision in Daroczy v. Lantz (Nov. 16, 2000), Franklin App. No. 00AP-16 ("Daroczy I"). Briefly, the action initially arose as an August 1996 complaint filed by appellants against various parties for monetary damages, for the avoidance of a mortgage, and for the release of a security interest in real estate.
{¶ 3} According to the facts, appellants entered into a real estate purchase contract with Craftsmen's Homes, Inc., to have a new home built in Madison County, Ohio. David and Lecia Lantz were the presidents of Craftsmen's Homes, and David Lantz was also a real estate agent. To finance the construction, appellants signed a survivorship deed conveying their residence located in Galloway, Ohio, to the Lantz's, which the Lantz's then used as collateral in obtaining a loan for $111,800 from Citadel Mortgage Banc Corporation ("Citadel"). When the Lantz's later went bankrupt before completing construction on appellants' new home, some $500,000 in liens remained against the Galloway property, including the mortgage held by Citadel. Citadel assigned the mortgage to ICI Funding Corporation, which then assigned it to Walsh Securities, which then assigned it to appellee in January 1998.
{¶ 4} Appellants' complaint asserted, inter alia, that the assignment of the Galloway property to the Lantz's was void ab initio because appellants had not been aware that they were deeding away their residence at the time they signed the relevant documents. Various findings and filings were made as the case wound its way through the pleadings and arrived at judgment, but significant for the purposes of this appeal is that appellants voluntarily dismissed their action against appellee and its predecessors in interest on February 23, 1999. Also significant is that the trial court on that same date granted a motion for summary judgment in appellee's favor, finding that appellee was owed $144,154.19 based upon the promissory note signed by the Lantz's, and that appellee was entitled to a foreclosure of the property because the promissory note had been secured by the mortgage deed. The court ordered a foreclosure sale and set forth the order in which the various parties would be paid from the proceeds. On August 6, 1999, appellants were the successful bidders at the sale, and were able to repurchase the property for $145,000.
{¶ 5} Nevertheless, this was not the conclusion of the matter. In September 1999, the magistrate assigned to the case issued a decision finding that appellants did not comprehend what they were doing when they signed away their residence, and that their signatures were "induced through fraud, deceit, and misrepresentation as to material matters," and thus the contract was "void ab initio." No objections to this finding were filed, and the trial court adopted the findings on September 27, 1999.
{¶ 6} Appellee filed a notice of appeal of the September decision in October 1999, and it was assigned appellate number 99AP-1220, but on December 20, 1999, appellee voluntarily dismissed its appeal. Appellee's decision to dismiss was presumably based upon the fact that, on December 8, 1999, the trial court entered judgment confirming the sale of the Galloway home to appellants and ordering distribution of the proceeds. The court also found that after various other debts were settled, appellee should receive the remainder of the proceeds.
{¶ 7} Appellants filed an appeal from the December 8, 1999 order of the trial court. In Daroczy I, this court conducted a lengthy analysis of whether the September decision or the December decision constituted a final appealable order. In Daroczy I, we stated:
{¶ 8} "To simultaneously uphold the September 27, 1999 and December 8, 1999 entries presents the following problems: (1) the court failed to explain in its December 8, 1999 entry why the Galloway home should have been sold to satisfy a debt incurred by the Lantz's when the court found that the conveyance of the property to the Lantz's was null from the beginning, and (2) the court also failed to explain how appellants are entitled to have the conveyance of the Galloway property to the Lantz's voided, have the property returned to them by court order, and receive as damages from Craftsmen's Homes $165,000, which was the fair market value of the property. It is clear from the magistrate's decision that the $165,000 awarded to appellants was based upon appellants losing their rights to the Galloway property. * * *
{¶ 9} "* * *
{¶ 10} "Additionally, the trial court's award of damages from the Lantz's did not take into consideration the $44,797.67 paid by Craftsmen's Homes to AMICO [appellants' prior mortgage holder] to satisfy appellants' mortgage obligation. It is unclear if appellants' apparent double recovery of both the property and the fair market value of the property were considered in the trial court's December 8, 1999 decision.
{¶ 11} "Therefore, we find that if we were to uphold the trial court's December 8, 1999 judgment as it is written, we would be in effect finding that the trial court was free to change its September 27, 1999 judgment. It appears inconsistent to first order the sale of the Galloway home based upon the Lantz's breach of their loan obligations, order the Galloway home to be conveyed to appellants because the conveyance to the Lantz's was `void ab initio,' and then finally accept the sale of the Galloway home in order to reimburse appellee." (Emphasis sic.)
{¶ 12} Daroczy I concluded that the inconsistencies in the trial court's decisions rendered this court unable to discern the trial court's intent, and so reversed and remanded the matter to the trial court for a decision "that is equitable and consistent with the September 27, 1999 judgment."
{¶ 13} The matter comes to us not from an appeal of the trial court's follow-up on our reverse and remand order, which apparently has never occurred, but from the court's February 26, 2001 order granting appellee's Civ.R. 60(B)(5) motion to vacate. The trial court's order states, in its entirety:
{¶ 14} "This matter coming before the Court on the Motion to Vacate the September 27, 1999 Entry filed by the Defendant Ocwen, the Brief in Opposition to Motion to Vacate filed by the Plaintiffs and subsequent Reply and Response Briefs. After carefully reviewing the Motion, Entries, and the Court's file, the Court finds the Motion to Vacate well taken and Vacates the September 27, 1999 Entry in part, and affirms the Entry in part.
{¶ 15} "This Court granted the unopposed Motion for Summary Judgment of Ocwen on January 19, 1999. Foreclosure was then granted on February 23, 1999. Both of these Entries held that Ocwen held a valid first mortgage on the property.
{¶ 16} "The only portion of the case remaining following the grant of Summary Judgment in favor of Ocwen was the Plaintiff Daroczys' claim for money damages against Defendant Craftsman's Homes, Inc. [sic.] The Court then sent the case to the Magistrate for the sole purpose of deciding the issue of money damages. Accordingly, the Plaintiffs dismissed Ocwen from their Complaint.
{¶ 17} "The portion of the Judgment Entry and Magistrates Decision which held the December 28, 1995 survivorship deed executed by the Plaintiffs void ab initio is vacated and set aside. The proceeds from the foreclosure sale are to be distributed pursuant to the December 8, 1999 Judgment Entry Confirming Sale and Ordering Distribution.
{¶ 18} "The portion of the entry granting money judgment in favor of the Plaintiff and against Craftsman's Homes, Inc. [sic] is not vacated. There is no just reason for delay."
{¶ 19} Appellant now assigns the following as error:
{¶ 20} "FIRST ASSIGNMENT
{¶ 21} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND AS A MATTER OF FACT IN GRANTING THE 60(B)(5) MOTION FILED BY OCWEN BANK.
{¶ 22} "SECOND ASSIGNMENT
{¶ 23} "THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH THE REMAND ORDER OF THE COURT OF APPEALS AND FAILED TO APPLY THE LAW OF THE CASE UPON REMAND.
{¶ 24} "THIRD ASSIGNMENT
{¶ 25} "THE TRIAL COURT ERRED IN ENTERING A JUDGMENT ON THE MERITS FOR APPELLEE WITHOUT RESETTING THE MATTER FOR HEARING.
{¶ 26} "FOURTH ASSIGNMENT
{¶ 27} "THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW BY RELEASING THE MONEY TO THE APPELLEE."
{¶ 28} Appellants' second assignment of error asserts that the trial court erred in failing to comply with this court's remand order and failed to apply the law of the case in considering the Civ.R. 60(B) motion. Because it is dispositive of the entire appeal, it will be addressed first.
{¶ 29} The court to which a case is remanded has no discretion to disregard the mandate of the court of appeals. Nolan v. Nolan (1984),11 Ohio St.3d 1. The decision of the court of appeals remains the law of the case for all subsequent proceedings, and precludes the litigant from attempting to rely on arguments which were or could have been fully litigated in the first appeal. Dannaher v. Crawford (1997),78 Ohio St.3d 391.
{¶ 30} In Daroczy I, this court determined that the trial court's decision of September 27, 1999 was a final appealable order, affirming the trial court's adoption of the magistrate's decision finding the survivorship deed to be void ab initio. Our remand explicitly stated that the trial court should "render a decision that is equitable and consistent with the September 27, 1999 judgment." (Emphasis added).
{¶ 31} Not only did the trial court fail to comply with this court's remand order, it granted a motion to vacate which was inconsistent with the September 27, 1999 judgment.
{¶ 32} In discussing the doctrine of res judicata, Daroczy I made a statement which has apparently been misconstrued by appellee and by the trial court. The relevant section of the decision states: "With our finding that the September 27, 1999 entry was a final appealable order, according to the doctrine of res judicata, the issues determined in that entry are `considered forever settled as between the parties.' Since appellee dismissed its appeal of the September 27, 1999 entry, this court has no authority to overturn the September 27, 1999 findings. Additionally, the trial court also lost jurisdiction to overturn the September 27, 1999 entry except through a motion for relief from judgment filed by the parties pursuant to Civ.R. 60 or a finding that it lacked subject-matter jurisdiction." (Emphasis added.)
{¶ 33} Appellee and the trial court apparently interpreted this statement to indicate that relief from judgment was a remedy available to appellee even after the judgment had been adjudicated on appeal and even after appellee's opportunity to raise those issues in its own previous appeal had been waived. Appellee's Civ.R. 60(B) motion was filed after this court had already determined that the September 27, 1999 judgment was a final appealable order, after this court ordered the trial court to render a decision consistent with the September 27, 1999 order, and after the matter was remanded with instructions to the trial court. Thus, the September 27, 1999 judgment was res judicata, and appellee's only recourse would have been to file an appeal from that decision, which it did, and which it later dismissed.
{¶ 34} Civ.R. 60(B) relief "is not available as a substitute for appeal * * * nor can the rule be used to circumvent or extend the time requirements for filing an appeal." Blasco v. Mislik (1982),69 Ohio St.2d 684, 686. In support of a Civ.R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and "errors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment." Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399.
{¶ 35} Appellee charges that a denial of the Civ.R. 60(B) motion would have produced an unjust result, since there was no other way to protect appellee's interests. As we indicated above, however, the fact that appellee dismissed its appeal does not lead to the conclusion that an unjust result has occurred. Appellants' second assignment of error is sustained.
{¶ 36} Appellants' first assignment of error alleges that the motion to vacate did not meet the test set forth in paragraph two of the syllabus in GTE Automatic Electric V. ARC Industries (1976),47 Ohio St.2d 146, which states:
{¶ 37} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
{¶ 38} Although a broad interpretation of GTE permits us to conclude appellee's motion was timely, the Civ.R. 60(B)(5) motion should not have been granted because it did not meet the other requirements of GTE. Specifically, appellee did not demonstrate it was entitled to relief under Civ.R. 60(B)(5).
{¶ 39} Civ.R. 60(B)(5) is a "catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. As such, it applies only when a more specific provision does not apply. Id.; Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. The grounds for invoking the rule must be substantial, and relief may be granted only in unusual or extraordinary circumstances. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105; Zollett v. Nittskoff (Apr. 21, 1983), Cuyahoga App. No. 45336.
{¶ 40} The confusion produced by the trial court's issuance of conflicting orders might be interpreted as an unusual or extraordinary circumstance, but this does not change the fact that appellee had an opportunity to proceed with an appeal which it dismissed. In granting the Civ.R. 60(B)(5) relief, the trial court's motive may have been to remediate the burden on appellee deriving from the court's own oversight, but such a motive does not render appropriate an otherwise inappropriate remedy. As stated above, appellee had an opportunity to appeal and dismissed its appeal. It cannot now achieve by Civ.R. 60(B)(5) what it could and should have pursued on appeal. Kelm, supra. Because we find that the trial court abused its discretion in granting the Civ.R. 60(B) motion, we sustain appellant's first assignment of error.
{¶ 41} Appellants' third and fourth assignments of error charge that the trial court erred in entering judgment for appellee without resetting the matter for hearing, and that the court erred by releasing the proceeds from the foreclosure sale to the appellee. Because we conclude that the trial court abused its discretion in granting appellee's motion for Civ.R. 60(B) relief from judgment, and additionally erred in failing to apply the law of the case and to comply with this court's remand order, a review of the charges set forth in the third and fourth assignments of error is unnecessary. Appellants' third and fourth assignments of error are therefore moot.
{¶ 42} Accordingly, having sustained appellants' first and second assignments of error, and having rendered moot appellants' third and fourth assignments of error, the judgment of the trial court granting appellee's Civ.R. 60(B) motion is reversed and this matter is remanded to the Franklin County Court of Common Pleas with instructions to comply with this court's previous remand in Daroczy I and to render a decision and enter judgment in accordance therewith.
Judgment reversed and cause remanded with instructions.
BOWMAN and LAZARUS, JJ., concur.