[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Plaintiffs-appellants, George R. Sain and Zagora Sain, appeal from the April 26, 2002 decision and entry of the Franklin County Court of Common Pleas overruling appellants' April 4, 2002 motion for sanctions, the March 25, 2002 decision and entry overruling appellants' February 20, 2002 motion for relief from judgment, and overruling plaintiffs' March 20, 2002 motion for oral hearing. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} This case has been before this court twice before, and both times this court ruled in favor of defendant-appellee, K.Z. Roo. See Sain v. Roo (Nov. 28, 2000), Franklin App. No. 99AP-1459 (affirming summary judgment in favor of appellee Roo on grounds of res judicata) ("Sain I"); Sain v. Roo (Oct. 23, 2001), Franklin App. No. 01AP-360 (affirming trial court's granting appellee Roo's motion for sanctions) ("Sain Il").
 {¶ 3} Nevertheless, on February 20, 2002, appellants filed two motions pursuant to Civ.R. 60(B)(5). One motion sought relief from the November 24, 1999 entry of summary judgment on grounds of fraud on the court. The other motion sought relief from the judgment and entry of February 23, 2001 on appellee's motion for sanctions, also alleging fraud on the court.
 {¶ 4} The trial court overruled both motions without an oral hearing.
 {¶ 5} Appellants appeal, assigning as error the following:
 {¶ 6} "1. The Trial Court erred and abused its discretion in overruling Appellant's Civ.R. 60(B) motion for relief from the summary judgment.
 {¶ 7} "2. The Trial Court erred and abused its discretion in overruling Appellants' Civ.R. 60(B) motion for relief from the sanctions judgment.
 {¶ 8} "3. The Trial Court erred and abused its discretion in overruling Appellants' motion for a hearing on the Rule 60(B) motions.
 {¶ 9} "4. The Trial Court violated due process and equal protection rights and abused its discretion in overruling without hearing Appellant's motion for sanctions against Appellee and his Attorneys.
 {¶ 10} "5. The Trial Court's Decisions represent a manifest miscarriage of justice and should be reversed under the plain-error doctrine."
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) relief, however, "is not available as a substitute for appeal." Blasco v. Mislik (1982),69 Ohio St.2d 684, 686. "In support of a Civ.R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and `errors which could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment.' " Daroczy v. Lantz, Franklin App. No. 02AP-31, 2002-Ohio-5417, at ¶ 34, quoting Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399, affirmed (1993), 68 Ohio St.3d 26. The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12.
 {¶ 12} This court has carefully reviewed the allegations in appellants' latest motions and briefs, and finds that appellants have not presented any new evidence or arguments that would support relief under Civ.R. 60(B)(5). Appellants simply rehash arguments that were made and rejected in Sain I and Sain II which, inter alia, affirmed the judgments of the trial court on the basis of res judicata. The purpose of res judicata is to deter the repeated litigation of resolved issues, thereby ensuring finality in judgments and the conservation of judicial resources. Kelm v. Kelm (2001), 92 Ohio St.3d 223, 227.
 {¶ 13} In spite of appellants' persistent belief that the trial court and this court have reached the wrong conclusions, there comes a time in the course of litigation when a non-prevailing party must realize that further efforts are not only futile but also frivolous and harassing. Appellants' arguments are not well-taken, and the assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
TYACK and BROWN, JJ., concur.