SHAFER *v.* METRO-GOLDWIN-MAYER DISTRIBUTING CORP.

**32**

(Decided October 26, 1929.)

*Messrs. Butler & Parker,* for plaintiff in error.
*Messrs. Morton, Irvine, Blanchard & Tou Velle,*
for defendant in error.

HORNBECK, J. Plaintiff in error, C. L. Shafer,
complains of the action of the common pleas court in
overruling a motion and a demurrer to defendant in
error's second amended petition and in entering
judgment thereon. Defendant in error was the plain-
tiff below and the plaintiff in error was the defend-

ant, and they will be so referred to in this opinion.

The plaintiff was engaged in the business of distributing moving picture films to theaters throughout the country. Plaintiff, in its second amended petition, first cause of action, alleges substantially the execution of a contract of date July 3, 1926, by the terms of which the plaintiff was to furnish to defendant ten motion picture photoplays, the names of which are set forth; that the defendant agreed to accept and publicly exhibit said pictures between August 29, 1926, and October 31, 1926, at his theater; that for the privilege of exhibiting the prints, and as license fee, the defendant agreed to pay the plaintiff the sum of $200; that plaintiff did deliver five of said pictures to defendant at an agreed price of $107.50. Plaintiff further alleges that it was at all times ready, willing, and able to deliver to the defendant the remaining five prints under the contract, for which defendant agreed to pay $92.50, and that tender was made of said prints within the time fixed in the contract; that defendant refused to accept them, and thereafter sold and transferred his theater in which he had agreed to exhibit the pictures.

This cause of action further sets up an arbitration agreement, by the terms of which the parties agreed that, before either should resort to any court for the determination or the protection of his rights, all claims and controversies arising under said contract should be submitted to the board of arbitration established pursuant to the rules and regulations of the Motion Picture Producers and Distributors of America, Inc., by the terms of which the parties agreed to abide by and comply with the decision and

award of such board; that such award or decision should be enforceable in any court of competent jurisdiction; that the parties thereto agreed to and thereby did waive the right of trial by jury on any issue arising under the contract, and further agreed to accept as conclusive the findings of fact made by such board, and agreed to the introduction of such findings in evidence in any judicial proceeding.

It is further alleged that differences arose between the parties and that all steps necessary under the contract were taken by the plaintiff to submit the dispute to the board of arbitration; that an award was made by said board, and the award is set forth, which ordered the defendant to make payment for rental of pictures on which play dates were past due as of the date of the award, and ordered defendant to comply with its further obligation under the contract as to the other photoplays; and that defendant failed, neglected, and refused to comply with the award.

The amended petition further sets up that, "The provisions of this contract relating to arbitration shall be construed according to the laws of the State of New York," and embodies a certain section of the consolidated laws of the state of New York, by the terms of which the method of arbitration and award set up in the contract is held to be valid, enforceable, and unrevocable. Plaintiff further says that by reason of the defendant's breach of the written agreement, set forth, and the award of the board of arbitration, set forth, it has been damaged in the sum of $92.50.

The second cause of action relates to a contract

of later date, covering different photoplays and different amounts, but otherwise, for the purposes of this case, it is substantially the same as the first cause of action. The damage alleged is $715. The prayer of the second amended petition was for a judgment for damages in the sum of $807.50. The court overruled a motion to strike, separately state and number, and to elect, and a general demurrer to the first and second causes of action in the second amended petition, and rendered judgment for the plaintiff, against the defendant, in the full amount claimed.

The original petition was filed August 30, 1927; the amended petition on the 29th of October, 1927; the second amended petition on August 11, 1928; and judgment was entered on December 3, 1928.

At all times the defendant has sought by appropriate pleadings to sustain the proposition of law urged in his motion and demurrer to the second amended petition, and now presented to this court, that the arbitration clause in the contract is void under the law of the state of Ohio in that it binds the parties to submit all controversies arising between them to the board of arbitration, and therefore ousts the courts from their jurisdiction to determine such matters.

The claim of the plaintiff is that, first, the arbitration agreement is valid and binding in Ohio, and, second, that the proviso requiring the clause relating to arbitration to be construed according to the laws of the state of New York is controlling and enforceable. If either of these propositions is sound, the motion and demurrer to the second amended petition were properly overruled.

A general discussion of our theory of this case will give sufficient consideration to the questions of law involved, urged, and considered by counsel and the judges who have passed on the questions in this case. The second amended petition alleges that the defendant had agreed to submit all differences to the named arbitrator, and to abide by the decision, but, as it is not asserted that he complied, it may be assumed that he had not in any of these particulars observed his agreement. We are then confronted with the fact that the first particular in which he breached his contract was in the failure to submit his claims or any of them to the arbitration board.

The arbitration clause, determined from the viewpoint of Ohio authority, is a common-law agreement to arbitrate.

It is insisted, however, that the contract of arbitration is valid, enforceable, and irrevocable under the law of the state of New York, as pleaded in the second amended petition, so that in order that we might give construction to that act it was necessary to examine it in its entirety and to give consideration to the decided cases related thereto in New York.

An examination of the act discloses that it not only sets forth that which is pleaded in the second amended petition, giving legislative sanction to arbitration and award, both common-law and statutory, but very definitely sets up the means by which such agreements may be made effective. Authority was reposed in the Supreme Court of New York, or a judge thereof, upon the application of a party to such an agreement, to direct that the arbitration

proceed in the manner so provided; to appoint an arbitrator for the other party, in case he fails to avail himself of the method prescribed by the contract; and to stay trial of the action, if suit has been begun. A cursory reading of the act is convincing that courts of Ohio are without any power to effectuate the sections which relate to procedure to make arbitration effective, if either party has failed to go through with his agreement, and nothing is left but a statement of the status of an arbitration agreement in New York, which, but for the enforcement feature, differs little from others.

If, however, this provision of the New York statute as relates to the contract under consideration may be said to involve a substantive right of the parties, then there is no doubt that as the parties lived in different states, New York and Ohio, they could agree to adopt the law of New York as controlling; but if the arbitration agreement relates to the remedy, by which a breach of the contract could be enforced, only that remedy which is available in the forum where the contract is sought to be enforced is available to the plaintiff.

In 12 Corpus Juris, 483, 484, it is said:

"The lex fori, or law of the jurisdiction in which relief is sought, controls as to all matters pertaining to remedial, as distinguished from substantive, rights, and the only uncertainty which may arise concerning this rule must result from conflicting views as to what matters fall within one or the other of such classes of rights. * * * No matter what law may govern as to the validity and interpretation of a contract, the law of the forum controls as to all matters connected with procedure for its enforcement."

And it is said in 5 Ruling Case Law, 942:

"The lex fori prevails over the lex rei sitae, the lex loci contractus, the lex loci solutionis, and all other laws so far as concerns matters that relate to the remedy as distinguished from the substantive contract."

In *Red Cross Line* v. *Atlantic Fruit Company,* 264 U. S., 109, 44 S. Ct., 274, 68 L. Ed., 582, the Supreme Court of the United States had the arbitration law of New York, which is pleaded in this case, under consideration. The question there was whether or not New York state courts could enforce a provision of a written agreement between the parties for arbitration incorporated in a maritime contract. At page 123 of 264 U. S., 44 S. Ct., 274, 277, Justice Brandeis, speaking for the court says:

"The 'right of a common law remedy,' so saved to suitors, does not, as has been held in cases which presently will be mentioned, include attempted changes by the States in the substantive admiralty law, but it does include all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved. It includes remedies *in pais,* as well as proceedings in court; * * * A State may not provide a remedy *in rem* for any cause of action within the admiralty jurisdiction. * * * But otherwise, the State, having concurrent jurisdiction, is free to adopt such remedies, and to attach to them such incidents, as it sees fit. New York, therefore, had the power to confer upon its courts the authority to compel parties within its jurisdiction to specifically perform an agreement for arbitration, which is valid by the gen-

eral maritime law, as well as by the law of the State, which is contained in a contract made in New York and which, by its terms, is to be performed there.''

And, further, he says at page 125 of 264 U. S., 44 S. Ct., 274, 278:

''As the constitutionality of the remedy provided by New York for use in its own courts is not dependent upon the practice or procedure which may prevail in admiralty, we have no occasion to consider whether the unwillingness of the federal courts to give full effect to executory agreements for arbitration can be justified.''

The quotations above presented are employed to show that the New York arbitration law relates to the remedy.

In *Meacham v. Jamestown, F. & C. Rd. Co.*, 211 N. Y., 346, 105 N. E., 653, Ann. Cas., 1915C, 851, in the second proposition of the syllabus, it is said:

''An agreement that all differences arising under a contract shall be submitted to arbitration relates to the law of remedies. The law that governs remedies is the law of the forum. * * * The jurisdiction of our courts is established by law, and is not to be diminished, any more than it is to be increased, by the convention of the parties.''

Cardozo, J., in a concurring opinion, discusses the question at length, beginning at page 352 of 211 N. Y., 105 N. E., 653, 655.

*Aktieselskabet Korn-Og Foderstof Kompagniet v. Rederiaktiebolaget Atlanten* (C. C. A.), 250 F., 935, Ann. Cas., 1918E, 491, giving consideration to the act which is set up in the instant case, in the first proposition of the syllabus, says:

"Under the laws of New York, a provision that disputes between the charterer and the owner of a vessel should be settled by arbitration is unenforceable, because it would be held to affect only the remedy and to be contrary to public policy, as ousting the courts of jurisdiction."

In *Lappe* v. *Wilcox,* 14 F. (2d), 861, 864, Lappe, a resident of Pittsburgh, sued Wilcox, a resident of New York, in the United States District Court, Northern Division of New York, for commission for leather sold by him for defendant under a contract executed at Binghamton, N. Y. Differences having arisen between the parties, they entered into an arbitration agreement at Binghamton, N. Y., by the terms of which all matters of difference between them were to be determined by arbitrators named, and provision was made for naming new arbitrators if any set forth in the contract failed to qualify or to act. Arbitration was not had. The defendant set up Sections 2 and 5, of the Arbitration Statute of New York (Consol. Laws, c. 72), Section 2 being the one pleaded in this case, and prayed the court to stay the action until arbitration could be enforced, as provided in Section 5 of the act.

The court, in denying the relief sought by the defendant, said:

"It is clear that this arbitration statute relates to the remedy, and not to substantive rights. In the matter of *Berkovitz* v. *Arbib,* 230 N. Y., 261, 270, 130 N. E., 288, 289, the court said:

" 'The common-law limitation upon the enforcement of promises to arbitrate is part of the law of remedies. * * * The rule to be applied is the rule of

the forum. Both in this court and elsewhere, the law has been so declared. Arbitration is a form of procedure whereby differences may be settled. It is not a definition of the rights or wrongs out of which differences grow.' ''

And in referring to the statute which we are considering, the same court said: ''And further there is nothing in the statute which suggests that it was intended to be extended beyond the courts of the state. While the statute does not in so many words refer to or limit its provisions to state courts, that is its plain intent.''

Inasmuch as that portion of the New York law relating to arbitration, pleaded in the second amended petition, is ineffective unless combined with other sections of the law, even in New York, and the act clearly relates to the remedy which was to be invoked by the parties to the contract in the event of breach thereof by either, the common pleas court in Ohio was without power, was not bound, and could not be required to give force and effect to it.

But it is claimed that the arbitration clause of the contract is valid and enforceable in Ohio. We do not say that this clause is void. Within its terms it makes provision that when and if differences arise between the parties, before any action is begun in the courts arbitration will be resorted to, and, further, that the parties agree to accept as conclusive the findings of fact made by such board of arbitration. These provisions seem to meet in form the objection urged against the arbitration agreement, namely, that it provides that *all* claims and controversies arising under the contract shall be sub-

mitted to the board of arbitration and that the parties would abide by any such award or decision.

But the award which is set up does not purport to make any findings of fact whatever, but makes a definite determination of one matter only, viz., liability, "that payment be made, by defendant to plaintiff, within fourteen days from date covering the rentals of pictures on which play dates are past due." Then follows a general order that the defendant comply with the balance of the contract with one exception set forth. The effect of this award is equivalent to statutory arbitration, and if the trial court enjoined upon the defendant the obligation which he undertook to observe in his contract, namely, to agree that such award or decision should be enforceable in any court, there would be left to him no defense whatever upon any feature of the contract save its validity as such an instrument.

As before stated, the defendant refused to abide by his agreement to submit his claim to the arbitration board named in the contract. As this was common-law arbitration, he had a right to revoke his agreement to submit at any time prior to the announcement of the award. *Tilden* v. *Bernard,* 12 C. C. (N. S.), 193, 21 C. D., 255; *State* v. *Jackson,* 36 Ohio St., 281; *Dayton & Union Ry. Co.* v. *P., C., C. & St. L. Ry. Co.,* 6 C. C. (N. S.), 537, 548, 15 C. D., 705.

"At common law the authority of an arbitrator could be revoked at any time before award was made. Only an award in final form could bar the right to revoke the submission. This was true even though the parties had made an express covenant not to re-

voke, because the parties could not make that irrevocable which was in its nature revocable." 3 Ohio Jurisprudence, 76, Section 21. See also 5 Corpus Juris, 53.

Plaintiff could be in no stronger position to enforce in Ohio under the New York law making an arbitration agreement irrevocable than under a formal contract wherein the parties agreed that it should be irrevocable.

The courts of Ohio will not require either party to specifically perform an executory agreement for common-law arbitration. When the defendant refused to submit his claims to the arbitration board, the plaintiff could not do that which the courts would not require the defendant to do, namely, cause the defendant to arbitrate, and, in so far as the proceedings were concerned, subsequent to the refusal of the defendant to go through with the arbitration, they are without any effect.

We are therefore of the opinion that the plaintiff misconceived its cause of action in pleading the award and seeking to have judgment rendered thereon, either grounded on the award alone or in conjunction with the breach of the contract. Its action was for damages for breach of the contract, and it was necessary only that it set up its offer to arbitrate, its readiness and willingness to abide the terms of the contract, and the failure of defendant to observe the provisions of the contract incumbent upon him to perform.

All branches of the motion to strike from the second amended petition, except Nos. 1 and 9, should have been sustained. The demurrer to the second

amended petition was properly overruled because it states a cause of action for damages for breach of contract. However, the court was in error in rendering judgment for the plaintiff against the defendant in the full amount, because it was based upon the statement of counsel for defendant that the real issue between the parties upon which they were basing the right of their client was "on the right construction of the motion and demurrers." Inasmuch as, in our opinion, the defendant was correct, in part, at least, in his contention concerning the invalidity of the arbitration agreement, and the law governing its construction, the judgment against him without permitting an opportunity to answer was prejudicial.

The petition of the plaintiff should be reformed in accordance with this opinion and the defendant given the right to answer and set up his defense. He should likewise have the right, unless waived, to a trial by jury, as the provision in the contract to waive this right is clearly invalid.

The judgment of the lower court will be reversed, and the cause remanded.

*Judgment reversed and cause remanded.*

KUNKLE, P. J., and ALLREAD, J., concur.