JUHASZ et al., Appellees,

v.

COSTANZO, Appellant.

[Cite as *Juhasz v. Costanzo* (2001), 144 Ohio App.3d 756.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 99–C.A.–294.

Decided Aug. 14, 2001.

*Mary Jane Stephens,* for appellee John B. Juhasz.

*Charles L. Richards,* for appellee Alan J. Matavich.

*Letson, Griffith, Woodall, Lavelle & Rosenberg Co., L.P.A., Daniel B. Letson* and *Bruce M. Broyles,* for appellant.

---

WAITE, Judge.

This timely appeal arises from a judgment entry of the Mahoning County Court of Common Pleas denying appellant's motion for a stay of proceedings pending arbitration. Appellant argues that the parties signed an agreement to arbitrate their dispute over appellees' attorney fees, and that appellees' attempts to withdraw from arbitration were not permitted under R.C. 2711.01. For the following reasons, the judgment of the trial court is affirmed in part and reversed in part.

Appellees John B. Juhasz ("Juhasz") and Alan J. Matavich ("Matavich") are licensed Ohio attorneys who represented attorney Maridee L. Costanzo ("appellant") in disciplinary proceedings before the Ohio Supreme Court. The disciplinary proceedings occurred in 1997–1998. Appellees were successful, and all allegations against appellant were dismissed.

Appellees attempted to collect $38,500 in legal fees from appellant for their work in defending her against the ethics charges. The fee arrangement was based on an oral contract. A dispute arose over the attorneys' fees, and the parties brought the matter before the Fee Dispute Committee of the Trumbull County Bar Association for arbitration.

On September 13, 1999, appellees filed a complaint in the Mahoning County Court of Common Pleas for breach of contract and quantum meruit arising out of the attorney fee dispute with appellant. The arbitration action was still pending before the Trumbull County Bar Association when the complaint was filed.

On September 29, 1999, appellant filed a motion to stay proceedings. The motion alleged that the parties had signed written contracts agreeing that the Trumbull County Bar Association Fee Dispute Committee would arbitrate their dispute. The motion argued that under R.C. 2711.01(A) a written contract for arbitration is irrevocable. Appellant argued that arbitration proceedings were already in progress and an arbitration hearing was scheduled for October 14, 1999. Appellant reasoned that under R.C. 2711.02, the trial court was required to stay the proceedings in the Mahoning County Court of Common Pleas until the arbitration proceedings had concluded.

On October 1, 1999, appellant filed a motion for protective order, again requesting a stay of the trial court proceedings and asking for an order precluding appellant from attending a deposition scheduled for October 4, 1999.

On October 4, 1999, the trial court denied appellant's motion for a protective order. Appellant filed a motion for relief from judgment and reconsideration on October 5, 1999. The motion was overruled by judgment entry the same day. The judgment entry also overruled, without explanation, appellant's motion for stay of proceedings. It is this latter judgment entry that appellant has appealed.

On November 10, 1999, appellant filed this timely appeal. Although the notice of appeal was filed more than thirty days after the journalization of the October 5, 1999 judgment entry, the record indicates that appellant was not sent notice of the judgment until October 13, 1999. Under App.R. 4(A) and Civ.R. 58(B), the time for filing an appeal did not begin to run until October 13, 1999. This appeal was properly filed within thirty days of October 13, 1999.

On February 22, 2000, appellees filed a motion to dismiss the appeal for lack of a final appealable order. On April 12, 2000, this court overruled the motion, citing R.C. 2711.02 which specifically states that "[a]n order under this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order * * * ."

Appellant's sole assignment of error states:

"The trial court erred in denying defendant's motion to stay proceedings pending arbitration."

Appellant argues that appellees are bound by written arbitration contracts that do not permit them to unilaterally withdraw from arbitration. Appellant also argues that R.C. 2711.02 requires a court to stay any proceedings that are referable to arbitration under a written contract of arbitration. For appellant to succeed in this appeal she must successfully argue both prongs of her assignment of error: (1) that appellees have entered into valid written arbitration contracts and (2) that R.C. 2711.02 requires the trial court to issue a stay of proceedings with respect to those written contracts.

A. *Standard of Review*

The denial of a motion to stay proceedings and refer a matter to arbitration is subject to review only for an abuse of discretion. *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040, 1043. An abuse of discretion is more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

B. *Power to Withdraw from Arbitration*

Appellant maintains that appellees could not withdraw their consent to submit to statutory arbitration. Appellant acknowledges that appellees *attempted* to withdraw their consent to arbitratiŏn but contends that this attempt was a nullity. Appellant argues that a written contract to arbitrate cannot be revoked. Appellant cites R.C. 2711.01, which states:

"(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or *any agreement in writing between two or more persons to submit to arbitration* any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, *shall be* valid, *irrevocable,* and enforceable, *except upon grounds that exist at law or in equity for the revocation of any contract."* (Emphasis added.)

Appellant argues that Ohio courts have consistently held that a written contract for arbitration is binding on the parties in the same way that any other written contract is binding and that there is no procedure for withdrawing from contractual arbitration. Appellant cites *Kelm v. Kelm* (1992), 73 Ohio App.3d 395, 401, 597 N.E.2d 535, 539, which held that "[a]t common law, arbitration was enforced, although the submission could be revoked before an award was made. By statute, a contract to arbitrate is binding." Appellant argues that as early as 1850, the Ohio Supreme Court rejected the principle that a statutory agreement to arbitrate could be revoked at will. *Carey v. Montgomery Cty. Commrs.* (1850), 19 Ohio 245, 281–282, 1850 WL 83. Appellant cites a number of other cases, none of which discusses the issue of how a party may withdraw from a written agreement to arbitrate.

Appellees argue that parties who have consented to common-law arbitration may withdraw their consent at any time prior to announcement of the arbitrator's award. *Shafer v. Metro–Goldwyn–Mayer Distrib. Corp.* (1929), 36 Ohio App. 31, 42, 172 N.E. 689, 693; *Polk v. Cleveland R.R. Co.* (1925), 20 Ohio App. 317, 324, 151 N.E. 808, 811; *Kelm, supra,* at 401, 597 N.E.2d at 538–539. Appellees do not explain why the written consent and agreement contracts submitted by appellant would not fall under the control of R.C. 2711.02, which explicitly makes a written contract for arbitration irrevocable.

Ohio courts have long favored the arbitration process as an alternative to litigation in the court system. *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711, 590 N.E.2d 1242, 1244–1245. Arbitration provides parties with a "relatively expeditious and economic means of resolving a dispute" and has the additional advantage of unburdening crowded court dockets. *Id.* at 712, 590 N.E.2d at 1245. Jurisdiction over arbitration derives from both statutes and

common law. *Davidson v. Bucklew* (1992), 90 Ohio App.3d 328, 332, 629 N.E.2d 456, 458–459. R.C. 2711.01 *et seq.* provides an extensive, but not exclusive, scheme for obtaining relief pursuant to arbitration. Statutory arbitration requires a valid written contract or contractual provision in which the parties agree to settle a dispute by arbitration. R.C. 2711.01(A). Where the parties do not pursue statutory arbitration or do not qualify for statutory arbitration, principles of common-law arbitration continue to apply. *Warner v. CTL Eng., Inc.* (1983), 9 Ohio App.3d 52, 54, 9 OBR 70, 71–72, 458 N.E.2d 399, 401–402.

■ The most significant difference between statutory and common-law arbitration is the ability of the parties to unilaterally revoke or withdraw from arbitration prior to the announcement of a final arbitrator's award. *Shafer, supra,* 36 Ohio App. at 42, 172 N.E. at 693; *Kelm, supra,* 73 Ohio App.3d at 401, 597 N.E.2d at 538–539. Parties subject to statutory arbitration have no right to withdraw from arbitration except under general principles of contract law. R.C. 2711.01(A); *Garlikov v. E.M. Ellman & Assoc.* (Aug. 28, 1979), Franklin App. No. 79AP–176, unreported.

■ To prove the existence of a contract, a party must establish the essential elements of a contract: an offer, an acceptance, a meeting of the minds, an exchange of consideration, and certainty as to the essential terms of the contract. *Nilavar v. Osborn* (1998), 127 Ohio App.3d 1, 11, 711 N.E.2d 726, 732–733. "In order to declare the existence of a contract, both parties to the contract must consent to its terms * * *; there must be a meeting of the minds of both parties * * *; and the contract must be definite and certain." *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations* (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134, 137. In order to prove the existence of a written contract, the essential elements of the contract must be part of a writing, or part of multiple writings that are part of the same contractual transaction. *Edward A. Kemmler Mem. Found. v. 691/733 E. Dublin–Granville Rd. Co.* (1992), 62 Ohio St.3d 494, 499, 584 N.E.2d 695, 698–699; *Kruse v. Vollmar* (1992), 83 Ohio App.3d 378, 389, 614 N.E.2d 1136, 1143.

■ The record reveals that Matavich and appellant each signed separate consent and agreement forms that stated:

"The undersigned agrees to be bound by and comply with the Rules and Regulations of said [Fee Dispute] Committee, and agrees to be bound and comply with the arbitration award and order made by said Committee pursuant to this submission."

The Rules and Regulations of the Fee Dispute Committee state:

"6. By such Consent and Agreement, the attorney and client shall each agree to be bound by and carry out the arbitration awards made by said Committee."

The Rules and Regulations also state:

"2. The Fee Dispute Committee, of the Trumbull County Bar Association, Warren, Ohio shall have the authority to hear, consider and dispose of a complaint filed with said Committee regarding a fee dispute between an attorney and client for alleged legal services only in such cases where a Consent' and Agreement, in the form submitted by the Committee, has been executed and delivered to the Committee by the attorney and the client." *Id.*

■ Matavich and appellant, by signing and submitting valid consent and agreement forms to the Fee Dispute Committee, created a written contract for arbitration subject to the statutory arbitration provisions in R.C. 2711.01 *et seq.* Neither the statute nor the contract itself provides for unilateral withdrawal from arbitration. Therefore, any attempt by Matavich to unilaterally withdraw his consent from arbitration was a nullity and cannot be used as a justification for denying appellant a stay of proceedings as provided in R.C. 2711.02.

■ On the other hand, there is nothing in the record indicating that Juhasz signed and filed a valid consent and agreement form. The form that is attached to appellant's motion for stay does not indicate with whom attorney Juhasz has a fee dispute, although it is signed by Juhasz. The record contains no form filled out by appellant showing that she submitted her fee dispute with Juhasz to the Fee Dispute Committee. The form signed by Juhasz does not contain all the essential terms of the contract or show a meeting of the minds of the parties, and therefore does not constitute a valid written contract for arbitration. Because a valid written contract is a prerequisite to acquiring jurisdiction over a statutory arbitration agreement, the statute does not apply to the dispute between appellant and Juhasz and the parties are left to resolve their dispute under common-law arbitration.

■ As previously stated, common-law arbitration allows for a party to withdraw unilaterally from arbitration at any point prior to the actual announcement of the award. The record indicates that Juhasz explicitly withdrew his consent and then impliedly withdrew it by filing a complaint in the court of common pleas to collect his fee. Under common-law arbitration principles, Juhasz was free to pursue any other legal means to resolve his dispute with appellant.

In conclusion, it appears that both parties have correctly stated the law in this matter but that only Matavich is bound by the statutory rules of arbitration found in R.C. 2711.01 *et seq.*, and that only Juhasz could unilaterally withdraw his consent to arbitrate.

C. *Mandatory Stay of Proceedings Pending Arbitration*

Appellant argues that the trial court was required to grant a stay of proceedings under R.C. 2711.02 because the fee issue in dispute was subject to a written contract to arbitrate and arbitration proceedings had begun. This argument would only be relevant to appellee Matavich because it has already been established that Juhasz was not a party to a written arbitration contract. R.C. 2711.02 states:

"*If any action is brought upon any issue referable to arbitration* under an agreement in writing for arbitration, *the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall* on application of one of the parties *stay the trial of the action until the arbitration of the issue has been had* in accordance with the agreement, *provided the applicant for the stay is not in default in proceeding with arbitration.* An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." (Emphasis added.)

Appellees argue that, even if this case is governed by statutory arbitration rather than common law, a stay of proceedings can be granted only if the party requesting the stay "is not in default in proceeding with arbitration." R.C. 2711.02. Appellees argue that appellant is in default in proceeding with arbitration because she refused to attend a scheduled deposition. Appellees argue that depositions are specifically contemplated and permitted in arbitration proceedings under R.C. 2711.07. Appellees conclude that appellant's behavior constituted a valid reason for the trial court to deny the motion for stay of proceedings.

Appellant argues in rebuttal that the trial court is not authorized to review every detail of an arbitration proceeding in order to determine if a party is in default in proceeding to arbitration as described in R.C. 2711.02. In support, appellant cites a decision of the Eleventh District Court of Appeals:

"In reading [R.C. 2711.02] in the context of the entire [arbitration] statute, * * * the General Assembly did not intend for a trial court to review the *merits* of the procedure followed in the arbitration proceeding. Instead, the wording of the statute supports the conclusion that, prior to granting a stay, a trial court should merely determine *whether the arbitration proceeding has been initiated.*" (Emphasis in original.) *Painesville Twp. Local School Dist. v. Natl. Energy Mgt. Inst.* (1996), 113 Ohio App.3d 687, 694, 681 N.E.2d 1369, 1373–1374.

■ Appellant submits that once the trial court determined that arbitration proceedings had been initiated and that there was a written contract, it could not deny a stay of proceedings based on a procedural dispute arising within the arbitration process. Appellant contends that there is no question that arbitration proceedings had been initiated prior to her request for a stay of proceedings. She concludes that the trial court was required to grant the stay under the mandatory language of R.C. 2711.02. Appellant's assignment of error has merit.

This court has previously held that "[m]atters incidental to the right to arbitrate are not properly the concern of the trial court, but are questions properly before an arbitration panel itself." *Warden Elec., Inc. v. Trumbull Mem. Hosp.* (May 7, 1991), Mahoning App. No. 90CA101, unreported, at 3, 1991 WL 83016. We have also held that a procedural issue as fundamental as whether an arbitration claim is timely filed should be decided by the arbitration panel and not by the trial court. *Salem City School Dist. Bd. of Edn. v. Ultra Builders, Inc.* (Jan. 29, 1993), Columbiana App. No. 92–C–48, unreported, at 4, 1993 WL 19616.

■ Under R.C. 2711.02, the trial court is required to make only two determinations prior to granting a stay of proceedings pending arbitration. First, the court must be satisfied that the issue involved in the action is referable to arbitration under a valid agreement in writing for arbitration. Second, the court must determine that the applicant for the stay is not in default in proceeding with arbitration. Once these two determinations are made, the court is required to grant the stay: "[T]he court in which the action is pending * * * *shall* * * * stay the trial of the action until the arbitration of the issue has been had * * *." (Emphasis added.) R.C. 2711.02.

■ There is no dispute as to whether arbitration proceedings had been initiated. Appellees' entire argument in this appeal assumes that arbitration was in process and that appellant violated the rules of that process. Once the trial court establishes that arbitration has begun, it does not have jurisdiction to determine whether an arbitration proceeding should or should not go forward as a result of a technical error in the arbitration process. *Painesville, supra,* 113 Ohio App.3d at 694, 681 N.E.2d at 1373–1374.

This court itself came to the same conclusion in *Warden Elec., Inc., supra. Warden Elec., Inc.* involved a dispute arising out of a construction contract. The contract contained a broad arbitration clause. The defendant filed a motion to enforce arbitration pursuant to R.C. 2711.03. The plaintiff argued that there was a default in proceeding to arbitration because the defendant failed to send out a notice of intent to arbitrate as required by the contract. *Id.* at 2. We held:

"The whole purpose of an arbitration agreement would be lost if arbitration allowed by contract could be defeated by the mere allegation that procedural formalities were not complied with and therefore the case must be litigated in court." *Id.*

Similarly, in *Salem City School Dist. Bd. of Edn. v. Ultra Builders, Inc., supra,* we held that "procedural issues[,] such as whether an arbitration claim is timely filed, [are] properly left to the arbitration panel."

The case at bar also involves mere allegations that appellant did not carry out procedural formalities of the arbitration process. There is nothing in the record indicating that the arbitrators actually scheduled the deposition that appellant allegedly refused to attend. There is nothing in the record indicating that the arbitrators thought that appellant had violated the procedural rules of the arbitration process. The record is also silent as to whether the arbitrators canceled the hearing set for October 14, 1999, or otherwise terminated arbitration. The only thing clear is that appellees assumed that appellant's alleged refusal to attend a deposition obviated the need to continue with arbitration.

The trial court is not called upon to micro-manage the arbitration process. Because the parties agree that the arbitration process had begun prior to appellant's alleged refusal to attend a deposition, the trial court had no basis on which to conclude that appellant was in default in proceeding to arbitration. Technical errors in the arbitration process were problems for the arbitrators to resolve. *Painesville, supra,* 113 Ohio App.3d at 694, 681 N.E.2d at 1373–1374. Therefore the trial court was required, under R.C. 2711.02, to issue a stay of proceedings as to appellee Matavich, who had entered into a written agreement of arbitration with appellant. As stated previously, because appellee Juhasz did not enter into a valid written contract of arbitration with appellant, he was able to withdraw from arbitration at will and the court was not required to issue a stay with regard to his litigation in the Mahoning County Court of Common Pleas.

In conclusion, we hold that appellee Juhasz was permitted to voluntarily withdraw from arbitration under common-law rules of arbitration because there is no record of a valid written arbitration agreement between appellant and Juhasz. Appellee Matavich and appellant did enter into a valid written agreement to arbitrate, and the arbitration process was thereupon governed by the arbitration statute, R.C. 2711.01 *et seq.* The record shows that there was no default in appellant's proceeding to arbitration, and the trial court was required, under R.C. 2711.02, to grant appellant a stay of proceedings with respect to Matavich.

*Judgment accordingly.*

VUKOVICH, P.J., and GENE DONOFRIO, J., concur.