OPINION
{¶ 1} This appeal arises out of a claimed breach of an oral contract for legal services between Attorney Mark Colucci ("Colucci") and pro se Appellant Donald Richard, an inmate in the Grafton Correctional Institution. Colucci visited Appellant once in prison, and Appellant believes that Colucci promised to represent him in filing a civil action. Colucci filed a motion for summary judgment, which was granted by the Mahoning County Court of Common Pleas. Summary judgment in favor of Colucci was appropriate, and the judgment of the trial court is hereby affirmed.
 {¶ 2} The following facts are not in dispute, as presented in Appellant's complaint and affirmed in Colucci's answer to the complaint. Appellant sent Colucci a letter in December of 2000 seeking legal representation in order to file a civil claim against various state and federal officials. Colucci mistakenly went to the Lorain Correctional Institution on January 10, 2001, and visited with inmate Donald Richard, Jr., who is Appellant's son. Colucci then went to the Grafton Correctional Institution that same morning to visit with Appellant. The prison added Colucci's name to the list of attorneys of record for Appellant, and allowed Colucci to meet with Appellant. The parties dispute the details of their conversation.
 {¶ 3} After the visit, the parties had no contact until August 2001, when Appellant sent Colucci a letter. Colucci responded with two letters explaining that he could not take the case.
 {¶ 4} Appellant filed his pro se complaint on December 12, 2002. Colucci filed his answer to the complaint on February 11, 2003.
 {¶ 5} On March 31, 2003, Appellant filed a motion to compel discovery. Appellant alleged that he had sent Colucci a list of interrogatories and a request for admissions that Colucci had not answered, and that Colucci would not permit him to inspect certain documents. Appellant asked the trial court to issue an order compelling Colucci to answer the interrogatories. Appellant did not attach the alleged interrogatories and request for admissions to the motion or otherwise file them with the court.
 {¶ 6} On April 15, 2003, Colucci filed a motion for summary judgment. He attached his own affidavit attesting that he did not agree to represent Appellant, and that he sent Appellant a termination letter on August 16, 2001.
 {¶ 7} Appellant filed a response and a cross-motion for summary judgment on April 21, 2003. Appellant attached his own affidavit, copies of Colucci's non-engagement letters, as well as a copy of a request for admissions supposedly sent to Colucci. Appellant argued that Colucci's failure to the respond to the request for admissions is a conclusive establishment of the matters contained in the request for admissions.
 {¶ 8} On May 8, 2003, the trial court granted, in part, Appellant's motion to compel discovery, ordering that, "[d]efendant [Colucci] shall serve its answer to the interrogatories as enumerated in Plaintiffs [sic] motion on file in this case as well as that Defendant produce and permit Plaintiff to inspect and copy the requested documents."
 {¶ 9} On May 21, 2003, the trial court filed a judgment entry assigning the case for trial and ordering that all discovery, "including * * * interrogatories * * * and request for admissions shall be completed with the following schedule: All discovery shall be completed by March 1, 2004."
 {¶ 10} On June 3, 2003, the trial court granted Colucci's motion for summary judgment.
 {¶ 11} This timely appeal was filed on June 17, 2003.
 {¶ 12} Appellant's two related assignments of error assert:
 {¶ 13} "The trial court erred when granting appellee's motion for summary judgment purportedly supported only by `affidavit' containing statements adverse to statements of fact already admitted to by appellee via defaulted [conclusively established] requests for admissions under civ. r. 36, which the trial court ignored concerning appeallant's cross motion for summaryjudgment."
 {¶ 14} "The trial court erred when granting appellee summary judgment . . . and displayed bias, partiality and unfairness when ignoring appellant's defaulted `request for admissions', Civ. R. 36 where appellee conclusively established Statements of fact
contrary and adverse to the falsely sworn averments contained in appellee's knowingly perjured and self-serving summary judgment affidavit."
 {¶ 15} This appeal involves a challenge to summary judgment. An appellate court reviews de novo a decision to grant a motion for summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. Before summary judgment can be granted the court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably toward the party against whom the motion for summary judgment is made, that conclusion is adverse to the nonmoving party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292,662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.
 {¶ 16} Appellant alleges that Colucci promised to represent him pro bono in the proposed civil action and in a habeas action, and that these facts are conclusively established by Colucci's failure to respond to a request for admissions. (Complaint, ¶ 13.) Appellant argues that a failure to respond to a request for admissions is the same as admitting the facts contained in the request for admissions, citing Cleveland Trust Co. v. Willis
(1985), 20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052. Appellant argues that his request for admissions establishes every fact necessary to prevail in his breach of contract claim.
 {¶ 17} There are four problems with Appellant's argument. First, at the time that Colucci filed his motion for summary judgment, the record does not indicate that he had made any admissions to any fact or had defaulted by failing to respond to a request for admissions. It was not until after Colucci had filed his motion for summary judgment that Appellant filed a purported copy of the request for admissions, and even this copy did not have a notice of service attached. Thus, according to the record before us, Colucci denied the crucial facts in the request for admissions (via his affidavit in support of summary judgment) prior to his alleged default in replying to the request for admissions.
 {¶ 18} Second, even if we assume that Appellant did deliver a request for admissions, and that Colucci did not respond, the questions asked in the alleged request could not conclusively establish the facts relevant to this case. Each of the twenty questions contained under section two of the request for admissions begins with the following phrase: "It is a genuine material issue of fact". (4/21/03 Plaintiff's Motion Contra Summary Judgment, attachment.) A "genuine material issue of fact" is a fact that is disputed by the parties. Thus, Appellant's alleged request for admissions only asked Colucci to agree that the facts in this case were disputed by the parties.
 {¶ 19} Third, Appellant asked the trial court to resolve the discovery problems he was having with Colucci, i.e., Colucci's alleged failure to respond to interrogatories and requests for admissions. The court subsequently ordered Colucci to respond to the interrogatories, but was silent with respect to the request for admissions. Furthermore, the trial court gave the parties until March 1, 2004 to complete their discovery. Given these facts, we find it difficult to conceive how Colucci could have defaulted on a discovery deadline that had not yet arrived.
 {¶ 20} Fourth, a trial court may, in the interest of justice, allow a party to retract admissions, even if the admissions arise by default through failure to respond to the request for admissions. "A trial court thus has the discretion under Civ.R. 36(B) to act `to serve what [it] believe[s] to be the best interests of justice.' Because the rule allows the trial court discretion to permit an amendment or a withdrawal of an admission, we may only reverse such a decision when the trial court has abused that discretion." Cincinnati ex rel. Cosgrovev. Grogan (2001), 141 Ohio App.3d 733, 750, 753 N.E.2d 256. Even if we assume that Colucci admitted certain facts by not responding to the alleged request for admissions, we would have to conclude that the trial court allowed Colucci to retract those admissions when it reviewed and granted Colucci's motion for summary judgment.
 {¶ 21} Returning now to the question as to whether summary judgment was appropriate in this case, it is apparent that Appellant has not alleged facts for which relief may be granted. Appellant claims that Colucci breached a contract for pro bono services. This is a contradiction in terms. One of the elements of a breach of contract claim is the existence of an enforceable contract. Garofalo v. Chicago Title Ins. Co. (1995),104 Ohio App.3d 95, 108, 661 N.E.2d 218. "To prove the existence of a contract, a party must establish the essential elements of a contract: an offer, an acceptance, a meeting of the minds, anexchange of consideration, and certainty as to the essential terms of the contract." (Emphasis added.) Juhasz v. Costanzo
(2001), 144 Ohio App.3d 756, 762, 761 N.E.2d 679. Appellant does not allege that there would be any consideration that would be exchanged for Colucci's services, and therefore, Appellant does not allege an essential element of a breach of contract claim. That is not to say that Colucci may or may not have owed some duty of care to Appellant based on his visit with Appellant. However, any duty which may have arisen would not have been a contractual duty, and it is a breach of contract alleged by Appellant in his complaint.
 {¶ 22} It may be possible that Appellant is attempting to assert a malpractice claim against Colucci, and courts have traditionally treated breach of contract claims involving legal representation as malpractice claims:
 {¶ 23} "Malpractice by any other name still constitutes malpractice. As stated in Richardson v. Doe (1964),176 Ohio St. 370, at page 372, 199 N.E.2d 878 [27 O.O.2d 345], malpractice consists of `the professional misconduct of members of the medical profession and attorneys.' Such professional misconduct may consist either of negligence or of breach of the contract of employment. It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice." Muir v. Hadler Real Estate Mgt. Co. (1982),4 Ohio App.3d 89, 90, 446 N.E.2d 820.
 {¶ 24} To establish a cause of action for legal malpractice, a plaintiff must show: (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation such that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. Vahila v. Hall (1997), 77 Ohio St.3d 421,674 N.E.2d 1164, syllabus.
 {¶ 25} If this case is treated as one of malpractice rather than a breach of contract, summary judgment is still appropriate. First, there is no dispute that Colucci sent, and Appellant received, two non-engagement letters from Colucci, one dated August 16, 2001, and the other dated September 19, 2001. A signed and properly worded non-engagement letter normally protects an attorney from a claim that an attorney-client relationship exists. 1 Mallen and Smith, Legal Malpractice (4 ed. 1996), 152-153, Section 2.12. Appellant admits in his complaint that he did not pursue the matter of Colucci's alleged promise of representation until August 2001. Colucci appears to have responded quickly to Appellant's inquiry. (Complaint, ¶ 12.)
 {¶ 26} Second, legal malpractice claims must be supported by expert testimony in most cases:
 {¶ 27} "[A] plaintiff must set forth expert testimony to establish that an attorney breached the duty of care owed to the plaintiff. The only exception to this requirement is when the alleged breach of care is so obvious that it can be determined from the ordinary knowledge and experience of laymen. * * * Finally, an affidavit from the defendant or acting attorney cansuffice as a legally sufficient basis upon which to grant amotion for summary judgment absent an opposing affidavit of aqualified expert witness for the plaintiff. See Hoffman v.Davidson (1987), 31 Ohio St.3d 60, 62, 31 OBR 165,508 N.E.2d 958." (Emphasis added.) Roberts v. Hutton, 152 Ohio App.3d 412,2003-Ohio-1650, 787 N.E.2d 1267, ¶ 55.
 {¶ 28} Colucci supported his motion for summary judgment with an affidavit stating that he met with Appellant but made no promises that he would represent him, that he referred Appellant to the office of former Representative James Traficant, that no money exchanged hands, and that he sent Appellant two formal non-engagement letters. Appellant did not respond with any expert evidence to establish that the actions Colucci took could be viewed as professional malpractice.
 {¶ 29} Thus, there are at least three reasons for supporting the judgment of the trial court, one based on Appellant's failure to allege or establish that a contract actually exists, and the other two based on Appellant's failure to establish the essential elements of a malpractice claim.
 {¶ 30} As a final note, Appellant asserts that the judgment should be reversed because the trial judge was biased against him. Appellant's assertion does not present an issue that can be addressed by this Court. The Ohio Supreme Court has exclusive jurisdiction to decide whether or not a common pleas court judge is biased for or against a party and whether or not a judgment should be reversed on that basis. R.C. § 2701.03; Beer v.Griffith (1978), 54 Ohio St.2d 440, 441-442, 8 O.O.3d 438,377 N.E.2d 775.
 {¶ 31} Based on the foregoing analysis, it is clear that summary judgment was appropriate in this case, and that the judgment of the Mahoning County Court of Common Pleas must be affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.