JOURNAL ENTRY AND OPINION
{¶ 1} Sandy Carroll appeals following a bench trial which found in favor of the defendant, Christie Dirk a.k.a. Christie Lee Dirk, on Carroll's claim for breach of contract. Carroll submits that the trial court erred in finding that she failed to meet her burden of proof and consequently failing to enter judgment in her favor. We affirm.
 {¶ 2} The record reveals Christie Dirk was looking for a place to live when a mutual friend asked Carroll if she would allow Dirk to move into her Highland Heights home. Carroll agreed and allowed Dirk to live with her rent-free. Shortly thereafter, Carroll began providing Dirk with substantial sums of money for her modeling career, including: clothing, spending money, doctor's visits, and eventually a car. Carroll also gave Dirk jewelry and vacations, classifying some items as gifts and others as loans to be repaid when Dirk had sufficient funds. Carroll then kept a ledger of expenses that she considered "loans" and adjusted the ledger for payments received from Dirk.
 {¶ 3} Throughout the time that Dirk lived with Carroll, Carroll continued to update the ledger adding alleged debts as they were incurred. However, when Dirk became pregnant, she left Carroll's home. Dirk allegedly made no attempt at repayment and severed all contact with Carroll.
 {¶ 4} In February 2004, Carroll filed a complaint seeking $22,208.67 in alleged loans that Dirk failed to repay. A bench trial was held in July 2005, however, Dirk failed to appear. After hearing testimony solely from Carroll, the trial court found that Carroll failed to meet her burden of proof and ruled in Dirk's favor. Carroll appeals from this decision in two assignments of error which state:
"I. THE TRIAL COURT ERRED/ABUSED ITS DISCRETION WHEN IT RULEDTHAT THE PLAINTIFF FAILED TO MEET HER BURDEN OF PROOF BYPREPONDERANCE OF THE EVIDENCE THAT THERE WAS A DEBT OWED BYDEFENDANT TO PLAINTIFF WHEN PLAINTIFF PRESENTED BOTH TESTIMONYAND DOCUMENTARY EVIDENCE IN SUPPORT OF HER CLAIM AND DEFENDANTWAS NOT PRESENT AND THUS FAILED TO DEFEND AND/OR OFFER ANYREBUTTAL WHATSOEVER.
 II. THE TRIAL COURT ERRED/ABUSED ITS DISCRETION WHEN IT FAILEDTO ENTER A JUDGMENT IN FAVOR OF PLAINTIFF IN AN UNCONTESTED TRIALWHEN PLAINTIFF PRESENTED EVIDENCE IN FULL SUPPORT OF HER CASETHAT A DEBT WAS OWED AND DEFENDANT WAS NOT PRESENT AND THUSFAILED TO DEFEND AND/OR REBUT PLAINTIFF'S EVIDENCE."
 {¶ 5} As both assignments of error address the trial court's determination that Carroll failed to meet her burden of proof, we address both assignments together for purposes of appeal.
 {¶ 6} To prove the existence of a contract, a party must establish the essential elements of a contract: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) an exchange of consideration; and (5) certainty as to the essential terms of the contract. Juhasz v. Costanzo, 144 Ohio App.3d 756, 762,2001-Ohio-3338. A contract is formed when there is mutual assent and consideration. Nilavar v. Osborn (1998), 127 Ohio App.3d 1,11.
 {¶ 7} "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration, (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." Perlmuter Printing Co. v. Strome,Inc. (N.D.Ohio 1976), 436 F.Supp. 409, 414. (Internal citation omitted.) A meeting of the minds as to the essential terms of the contract is a requirement for enforcing the contract. EpiscopalRetirement Homes, Inc. v. Ohio Dept. of Indus. Relations (1991),61 Ohio St.3d 366, 369.
 {¶ 8} The record reflects that, following Carroll's request under Civ.R. 52 for findings of fact and conclusions of law, the trial court issued its four-page opinion. The court found that the "document" submitted by Carroll, which contained various amounts and showed a balance of $1,171.88, did not contain a promise to pay. (Nov. 14, 2005 Journal Entry at 2, #7.) The court also found that the "legal contract," dated June 29, 2000, did not contain an itemization of the outstanding debt and failed to state how the outstanding debt would be calculated. (Nov. 14, 2005 Journal Entry at 2, #8.) Although Carroll did submit a ledger that indicated a balance of $22,208.67, it did not contain Dirk's signature or Carroll's signature. (Nov. 14, 2005 Journal Entry at 2, #9.)
 {¶ 9} We agree with the trial court that the record contains no evidence that Dirk agreed to pay the sum of $22,208.67, and that there was no meeting of the minds as to any of the necessary contract terms. The only document signed by both parties, submitted as Exhibit A at 7, states that "[t]his is a legal contract between Sandra C. Carroll and Christie Lee Dirk for the purchase of a beige 1990 Toyota Tercel at $2500 and the repayment of an outstanding (ongoing) debt (currently at about $3000)." There are two problems with this document. First, the plain language of the "contract" indicates that the total of the outstanding debt is merely an estimate. Not only is the alleged debt an estimate, the document also fails to show how the debt would be calculated. Further, Carroll's own ledger, submitted as Exhibit A at 4, shows that on February 13, 2001, Dirk was given a deduction of $2500, with the supporting entry stating "deduct car." Such an entry suggests that this alleged "debt" was deducted as early as 2001, since this balance was then subtracted from the ledger's running total.
 {¶ 10} Therefore, with no meeting of the minds as to the outstanding/ongoing debt of "about" $3000, and a specific showing in Carroll's own ledger of a deduction for the $2500 car purchase, it is clear that Carroll failed to meet her burden of proving such a substantial debt as to mandate a judgment in excess of $20,000. Carroll's first and second assignments of error lack merit.
 {¶ 11} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Rocco, J., Dissents.