[Cite as *Ameritech Publishing, Inc. v. Mayfield*, 2011-Ohio-2971.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| AMERITECH PUBLISHING, INC., | ) | |
| | ) | CASE NO.  10 MA 27 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DAVE MAYFIELD, DBA ABSOLUTELY | ) | |
| AWESOME BAIL AGENCY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
Court, Case No. 07 CV 3012.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Caroline H. Gentry
Attorney Sheena L. Little
Attorney Brodie M. Butland
Porter, Wright, Morris &
Arthur, LLP
One South Main Street
Suite 1600
Dayton, OH  45402-2028

For Defendant-Appellant:      Dave Mayfield, Pro-se
20340 N. Benton Road
North Benton, OH  44449

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

Dated:  June 9, 2011

DeGenaro, J.

{¶1} Pro-se appellant Dave Mayfield, dba Absolutely Awesome Bail Agency, appeals the January 19, 2010 decision of the Mahoning County Court of Common Pleas that ruled in favor of appellee Ameritech Publishing, and awarded $64,247.41, plus interest and costs. On appeal, Mayfield argues that the trial court's decision was erroneous, as Ameritech had failed to prove that a valid contract existed between the parties. Alternatively, Mayfield argues that Ameritech failed to support its claim of unjust enrichment.

{¶2} The Ameritech Customer Receipts constituted an enforceable contract between the parties, which remained in effect at the time of Ameritech's performance and its demand for payment on the account. Therefore, the trial court's decision is affirmed.

## Facts and Procedural History

{¶3} On August 16, 2007, Ameritech filed an action on account against Dave Mayfield, dba Absolutely Awesome Bail Agency. Ameritech alleged that Mayfield had failed to pay $64,247.91 on an account for advertising services provided by Ameritech in 2005 and 2006, in nine different Yellow Pages directories. Mayfield denied all of Ameritech's allegations in his answer, and did not plead any defenses. Subsequent to discovery, multiple continuances, and a failed attempt at mediation, a trial on the matter was held before a magistrate on June 25, 2009.

{¶4} Mayfield appeared pro-se, and testified on his own behalf. Ameritech was represented by counsel, and presented the testimony of Len Hanlon, an Ameritech account executive and Deborah Miller, a customer service sales specialist. Ameritech provided copies of five different documents from 2005 and 2006, all labeled "Ameritech Customer Receipt," and each bearing the signature of Dave Mayfield, for advertising services in Akron, Alliance, Barberton, Canton, Cuyahoga Falls, Massillon, Portage County, Salem Lisbon, and Youngstown Warren. Ameritech provided copies of the advertisements provided for Absolutely Awesome Bail Agency in various 2005 and 2006 issues of Ameritech's Yellow Pages directories for the nine different areas. Ameritech provided copies of its invoices to Mayfield from 2004 through 2006 for the different directories, as well as final accounting statements showing a total of $64,247.91 owed.

{¶5} Len Hanlon testified that he had been personally responsible for Ameritech's account with Mayfield for approximately ten years. Hanlon testified that he communicated with Mayfield over the years via telephone and email, and that he had personally executed the alleged contracts with Mayfield. Hanlon explained the context and verified the validity of the five documents signed by Mayfield. Deborah Miller testified that she was the field collector assigned by Ameritech to Mayfield's delinquent account. Miller verified the validity of the advertisements for Absolutely Awesome Bail Agency, Ameritech's monthly invoices that were sent to Mayfield, and Ameritech's records on Mayfield's $64,247.91 account balance.

{¶6} After Ameritech rested, Mayfield testified on his own behalf, and stated that he had never signed any contracts with Ameritech, or made any sort of agreement for any services during 2005. On cross-examination, Mayfield admitted that the five Ameritech Customer Receipts bore his signature, but stated that he did not agree to anything in 2005, and did not know who sent pictures to Ameritech for use in the Absolutely Awesome Bail Agency advertisements.

{¶7} The magistrate issued a decision, finding that the parties entered into multiple written agreements for advertising services between November 11, 2004 and February 3, 2006. The magistrate found that Ameritech performed advertising services pursuant to the contracts, and that Mayfield failed to compensate Ameritech for the services rendered. The magistrate concluded that Ameritech was due $64,247.41, plus interest and costs.[1] Mayfield filed objections to the magistrate's decision. Mayfield was granted a continuance in order to file a copy of the trial transcript, however, Mayfield did not file the transcript before the trial court's decision. On January 19, 2010, the trial court found that no error of law or other defect appeared on the face of the magistrate's order, and accordingly adopted the decision of the magistrate.

### Contract Formation

{¶8} In his sole assignment of error, Mayfield asserts:

{¶9} "The trial court erred when it found that Plaintiff and Defendant entered into

---

[1] The fifty cents discrepancy was not challenged by Ameritech on appeal, thus we are bound by the amount awarded by the trial court.

a series of written advertising Agreements, and further erred when it found that Defendant is liable for the unpaid balance of the advertising in the amount of $64,247.91."

**{¶10}** Mayfield argues that the Ameritech Customer Receipts did not constitute evidence of any agreement between the parties, and that the use of the word "receipt" misrepresented the nature of the document. Mayfield also argues that the Ameritech Customer Receipts were not adequate proof of an agreement between the parties, because Mayfield's signatures were not dated, because there was no "independent" proof that the page of terms and conditions was in fact on the back of each receipt, because Mayfield did not separately sign the terms and conditions page on the back of each receipt, and some of the receipts had notes or crossed-out terms that were not separately signed or dated by any party. Finally, Mayfield seems to alternatively argue that the unjust enrichment claim in Ameritech's complaint would also have to fail, because Mayfield did not consent to or benefit from Ameritech's services.

**{¶11}** Mayfield failed to file a transcript of his proceedings when he filed objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(iii), an objection to a magistrate's finding must be supported by a transcript of any evidence submitted to the magistrate relevant to that finding, or by affidavit if the transcript is unavailable. If an objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, the appellate court is precluded from considering the transcript of the magistrate's hearing. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254; *Livingston v. Graham,* 7th Dist. No. 09 JE 16, 2010-Ohio-1091, ¶14-15 (if the transcript is not provided to the trial court, both the trial court and the appellate court are bound by the magistrate's factual findings).

**{¶12}** Although Mayfield initially filed a personal affidavit with his objections, stating his conclusions regarding the evidence presented at trial, a transcript of the proceedings was available. Mayfield requested a continuance to procure the trial transcript, but ultimately failed to do so. As such, Mayfield is not able to present arguments before this Court concerning any factual issues. This Court is limited to determining whether the trial court abused its discretion in its application of the law to the facts determined by the magistrate. *Duncan* at 730.

{¶13} Mayfield's argument focuses on whether a contract had been formed between the parties. To prevail on a contract action, the complaining party must prove all of the essential elements of a contract, including an offer, acceptance, manifestation of mutual assent, consideration, and certainty as to essential terms of the contract. *Kostelnik v. Helper,* 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, at ¶ 16; *Juhasz v. Costanzo* (2001), 144 Ohio App.3d 756, 762, 761 N.E.2d 679. In order for a party to be bound to a contract, the party must consent to its terms, the contract must be certain and definite and there must be a meeting of the minds of the parties. *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations* (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (vacated on other grounds); *State ex rel. Bayus v. Woodland Park Properties,* 7th Dist. No. 05 MA 169, 2007-Ohio-3147, at ¶ 22.

{¶14} The construction of a written contract is a matter of law. *In re All Kelly & Ferraro Asbestos Cases,* 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, at ¶28. However, whether a contractual offer and acceptance have been made is a question of fact. *KeyBank Natl. Assn. v. Mazer Corp.*, 188 Ohio App.3d 278, 2010-Ohio-1508, 935 N.E.2d 428, at ¶36; *Oglebay Norton Co. v. Armco, Inc.* (1990), 52 Ohio St.3d 232, 235, 556 N.E.2d 515.

{¶15} The magistrate found that Ameritech had presented five written agreements for advertising services that bore Mayfield's signature, and that Hanlon witnessed Mayfield execute those agreements. The magistrate concluded that the agreements constituted binding contracts between the parties, and that Mayfield was obligated to pay Ameritech for its performance pursuant to those agreements. The findings spoke to all the necessary elements of contract formation, and that the trial court's application of those factual findings, and its conclusion that Mayfield was in breach for nonpayment of the Ameritech account, was not an abuse of discretion.

{¶16} Mayfield argues that a failure of the meeting of the minds prevented these documents from being enforceable contracts, because the documents identified themselves as "receipts" rather than contracts. However, "[i]t is an axiom of contract law that a person who is competent to contract cannot avoid a contract's terms by claiming that he did not notice or read those terms prior to signing." *Ameritech Publishing, Inc. v.*

*Snyder Tire Wintersville, Inc.*, 7th Dist. No. 09 JE 35, 2010-Ohio-4868, at ¶25, citing *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 503, 692 N.E.2d 574; *McAdams v. McAdams* (1909), 80 Ohio St. 232, 240-241, 88 N.E. 542; *Upton v. Tribilcock* (1875), 91 U.S. 45, 50, 23 L.Ed. 203; *Vindicator Printing Co., Inc. v. Tuff Kote of Warren* (Mar. 16, 1989), 7th Dist. No. 88 CA 59 (1989 WL 25565).  Mayfield has therefore failed to establish that the trial court's decision contained error for this reason.

{¶17} Mayfield's arguments otherwise speak to whether Ameritech met its burden of proving that a contractual agreement existed between the parties.  Because this Court is bound by the magistrate's findings on the evidence presented at trial, Mayfield's arguments are meritless.  Finally, Mayfield's argument regarding the equitable doctrine of unjust enrichment is irrelevant, as the trial court determined that the parties acted pursuant to the terms of a contract.  Thus, issues pursuant to quasi-contract did not apply.  See *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 54, 544 N.E.2d 920; *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged* (1984), 15 Ohio St.3d 44, 46, 15 OBR 142, 472 N.E.2d 704.

{¶18} Given the foregoing, Mayfield has not established that the decision of the trial court contained reversible error.  Mayfield's sole assignment of error is meritless.  An enforceable contract existed between Mayfield and Ameritech, and Ameritech was due the amount of payment claimed in its account.  Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.